# In the
# United States Court of Appeals
## For the Seventh Circuit

---

No. 03-2553

STAWSKI DISTRIBUTING CO., INC.,

*Plaintiff-Appellee,*

v.

BROWARY ZYWIEC S.A., doing business as
Zywiec Breweries, LLC,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 02 C 8708—**Joan Humphrey Lefkow**, *Judge.*

---

ARGUED OCTOBER 29, 2003—DECIDED NOVEMBER 20, 2003

---

Before FLAUM, *Chief Judge*, and EASTERBROOK and
KANNE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* The contract between
Stawski, a distributor of beer, and Zywiec, a brewer, pro-
vides that any dispute will be arbitrated in Poland (where
Zywiec's brewery is located) under Polish law. When Zywiec
notified Stawski that it would sell beer in Illinois through
someone else, Stawski filed this suit in federal court under
the diversity jurisdiction, see 28 U.S.C. §1332(a)(2), con-
tending that the termination would violate the Illinois Beer
Industry Fair Dealing Act, 815 ILCS 720/1 to 720/9.
Stawski asked the court for an injunction compelling Zywiec
to continue providing beer; Zywiec asked the court to stay

the litigation in favor of arbitration. The court granted Stawski's request and denied Zywiec's. The judge wrote that, even though the arbitration agreement is supported by both federal law and international treaty (the New York Convention, 21 U.S.T. 2517 (1970), implemented by 9 U.S.C. §§ 201-08), the Constitution's twenty-first amendment gives states the power to displace both national and international law for the liquor business. Zywiec immediately appealed, as it is entitled to do under 9 U.S.C. §16(a)(1).

Stawski concedes that the parties' agreement to arbitrate would be enforceable for any business other than liquor. Illinois does not forbid arbitration between brewers and distributors, but it does require arbitration to be offered as a separate item on an a la carte menu, while Zywiec made arbitration part of a standard-form contract. Federal law, by contrast, disables states from subjecting arbitration to rules that are not generally applicable to other contractual choices, see *Southland Corp. v. Keating*, 465 U.S. 1 (1984), and this means that take-it-or-leave-it offers are enforceable, see *Metro East Center for Conditioning and Health v. Qwest Communications International, Inc.*, 294 F.3d 924 (7th Cir. 2002), for Illinois enforces the (other) terms of form contracts. So national and international law—apart from any considerations under the twenty-first amendment—make enforceable Stawski's agreement to arbitrate in Poland.

Choice of law is another matter altogether. Neither the Federal Arbitration Act nor the New York Convention provides any shelter for a choice-of-law agreement that otherwise would violate state rules forbidding parties to opt out of certain substantive norms. The Supreme Court made this clear in *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985), and *Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974), its leading deci-

sions on international arbitration of commercial disputes. The federal securities laws (the subject of *Scherk*) contain provisions forbidding the alteration of their rules by private agreement. 15 U.S.C. §§ 77n, 78cc(a). This led to the argument that arbitration could not be allowed, because either a choice-of-law clause or lack of familiarity with U.S. law might induce arbitrators hearing disputes in foreign lands not to apply our securities laws. The Justices concluded, however, that both domestic and international arbitration affects venue but not substance, and that a risk that arbitrators will not do their legal duty does not distinguish securities disputes from any others. The Court took the same approach to antitrust issues in *Mitsubishi*, holding that international arbitrators must apply U.S. law to transactions that could stifle competition in the United States, and that an opportunity to obtain judicial review under the New York Convention ensures that the panel will do so. (We added in *Baxter International, Inc. v. Abbott Laboratories*, 315 F.3d 829 (7th Cir. 2003), that the point of review is to ensure that the subject had been addressed and resolved rather than evaded; this differs from independent judicial review of the merits.)

Arbitration of statutory issues today is routine, even when substantive rights are not subject to waiver. See, e.g., *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001); *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989); *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220 (1987). The upshot is that the choice-of-law clause in the Stawski-Zywiec contract is invalid under Illinois law, which requires application of Illinois substantive law to Illinois distributorships. 815 ILCS 720/9(6). (Zywiec does not contend that our Treaty of Friendship, Commerce, and Navigation with Poland authorizes it to insist that Polish rather than Illinois law be applied to disputes of this kind.) But a need to apply domestic substantive law does not foreclose international

arbitration between Stawski and Zywiec, any more than it did in *Mitsubishi*—another controversy arising out of a manufacturer's effort to change its arrangements with a dealership protected by state-law restrictions on unilateral alterations.

Does the twenty-first amendment entitle states to trump the parties' contract to arbitrate, the Federal Arbitration Act, and the nation's treaty commitments to its trading partners? As far as we can see, the district judge's affirmative answer is wholly novel. Twenty years or so ago, several courts held that the twenty-first amendment allowed states to foreclose the application of federal statutes to the liquor business. That position was unanimously dispatched by the Supreme Court in *California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97 (1980), with respect to the federal antitrust laws, and again in *Capital Cities Cable, Inc. v. Crisp*, 467 U.S. 691 (1984), with respect to the federal telecommunications laws. It had not resurfaced since—until the district court's opinion in this case. Counsel candidly (and accurately) admitted at oral argument that, since *Crisp*, no other federal court has held that the twenty-first amendment allows any state to disregard any federal statute or international treaty.

Section 2 of the twenty-first amendment provides: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." This language permits the states to restrict imports without regard to the "dormant commerce clause." See *Bridenbaugh v. Freeman-Wilson*, 227 F.3d 848 (7th Cir. 2000). It does not have any more sweeping effect. In particular, as the Court held in *Midcal* and *Crisp*, and has reiterated since, "the Twenty-first Amendment does not in any way diminish the force of the Supremacy Clause". *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 516 (1996).

Illinois has not set out to curtail beer imports from Poland; Stawski argues, to the contrary, that Illinois law *compels* a Polish brewer to continue providing it with supplies. That is some distance from the language of §2, which does not relieve Illinois of its obligation to respect federal statutes and treaties, "the supreme Law of the Land" (U.S. Const. Art. VI cl. 2). Suppose that Illinois had attempted to require all disputes arising out of the Beer Industry Fair Dealing Act to be litigated in state court. Could such a statute block Zywiec from removing to federal court under 28 U.S.C. §1441(a), given the complete diversity of citizenship? Surely not. Cf. *Breuer v. Jim's Concrete of Brevard, Inc.*, 123 S. Ct. 1882 (2003). Yet a federal court would be a forum different from the one specified by Illinois law, just as arbitration occurs in a different forum. If removal under federal law is proper, then arbitration under federal law must be proper—in either event, it is the Supremacy Clause that subordinates the state's preference to the federal rule.

Thus the contract's forum-selection clause is enforceable, even though its choice-of-law clause is not. At oral argument, Zywiec's counsel suggested that the two are so intertwined that it would be pointless to arbitrate in Poland if the panel could not apply Polish law. Counsel retreated from this position later, however, and we hesitate to bind him to what may have been a poor choice of words. We leave to the parties, and the district court on remand, consideration of the question whether choice of law may be separated from choice of forum. The judgment of the district court is vacated, and the matter is remanded for proceedings consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*