**STAWSKI DISTRIBUTING COMPANY, Plaintiff–Appellant,**

v.

**BROWARY ZYWIEC S.A., Defendant–Appellee.**

No. 04–3661.

United States Court of Appeals, Seventh Circuit.

Submitted March 1, 2005.*

Decided March 4, 2005.

---

* This successive appeal has been submitted to the original panel, see Operating Procedure 6(b), which has concluded that a second oral argument is unnecessary.

Gary Ettleman, Ettelman & Hochheiser, Garden City, NY, for Plaintiff–Appellant.

Larry J. Saylor, Miller, Canfield, Paddock & Stone, Detroit, MI, for Defendant–Appellee.

Before FLAUM, EASTERBROOK and KANNE, Circuit Judges.

### Order

After our remand, see 349 F.3d 1023 (7th Cir.2003), the dispute was submitted to an arbitration tribunal in Poland. This tribunal concluded that, although Zywiec's original attempt to end the distribution agreement was ineffectual under Polish law, a second notice of termination (dated October 1, 2003) was valid under both Polish and Illinois law. The district court confirmed this award under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the New York Convention), enforced through 9 U.S.C. §§ 201—08.

Stawski contends on appeal that the arbitrators misapplied Illinois law. That may or may not be true, but an error in the application of substantive law does not authorize a court to annul the outcome of arbitration. See *Baxter International, Inc. v. Abbott Laboratories,* 315 F.3d 829 (7th Cir.2003); *George Watts & Son, Inc. v. Tiffany & Co.,* 248 F.3d 577 (7th Cir. 2001). These parties agreed to arbitrate both factual and legal issues arising out of the distributorship agreement. Having received the bargained-for decision they must respect it and not treat it as just a prelude to litigation. Had the arbitrators disdained Illinois law, that might call for judicial relief because they would to that extent have failed to implement the parties' agreement. But this panel said that it was applying Illinois law and found that Zywiec had "good cause" for the termination (the state-law standard). We have no reason to think that the arbitrators were dissembling about what rules they applied; whether they erred in the process of application is not pertinent.

What *is* open under the New York Convention is a claim that the award violates a state's public policy. 9 U.S.C. § 207. Stawski made such an argument in the district court but does not advance it on appeal. The arbitrators did not purport to give Zywiec authority to violate Illinois law—for example, to run an unlicensed casino, drive at 100 miles per hour, or engage in racial discrimination. See also *Watts,* which explains the difference between an error of law and a purported authorization to violate the law. Termination of a distributorship for good cause does not violate any policy of Illinois; it is done all the time. Whether Zywiec had such a cause is a matter of fact, on which the panel's decision is conclusive.

A<small>FFIRMED</small>