# BREUER *v.* JIM'S CONCRETE OF BREVARD, INC.

No. 02–337.   Argued April 2, 2003—Decided May 19, 2003

SOUTER, J., delivered the opinion for a unanimous Court.

*Donald E. Pinaud, Jr.,* argued the cause for petitioner. With him on the briefs was *Eric Schnapper.*

*Andrew S. Hament* argued the cause for respondent. With him on the brief was *Gregory Williamson.*

*Lisa S. Blatt* argued the cause for the United States as *amicus curiae* urging affirmance. With her on the brief were *Solicitor General Olson, Deputy Solicitor General Kneedler, Howard M. Radzely, Allen H. Feldman,* and *Edward D. Sieger.** 

JUSTICE SOUTER delivered the opinion of the Court.

The question is whether the provision of the Fair Labor Standards Act of 1938 (FLSA or Act), that suit under the Act "may be maintained . . . in any Federal or State court of competent jurisdiction," 52 Stat. 1069, as amended, 29 U. S. C. § 216(b), bars removal of a suit from state to federal court. We hold there is no bar.

I

Petitioner, Phillip T. Breuer, sued respondent, his former employer, Jim's Concrete of Brevard, Inc., in a state court of Florida for unpaid wages, liquidated damages, prejudgment interest, and attorney's fees. Section 216(b) provides not only that an employer who violates its minimum wage and overtime provisions is liable to an employee, but that "[a]n action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction."

Jim's Concrete removed the case to the United States District Court for the Middle District of Florida under 28 U. S. C. § 1441(a), which reads that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United

---

*Briefs of *amici curiae* urging affirmance were filed for the Academy of Florida Management Attorneys, Inc., by *Peter W. Zinober;* and for the Human Resource Association of Palm Beach County, Florida, et al. by *Christine D. Hanley, Sally Still,* and *Betty L. Dunkum.*

States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Breuer sought an order remanding the case to state court, arguing that removal was improper owing to the FLSA's provision that an action "may be maintained" in any state court, a provision that Breuer put forward as an express exception to the general authorization of removal under § 1441(a). Though the District Court denied Breuer's motion, it certified the issue for interlocutory appeal under § 1292(b). The Eleventh Circuit affirmed, saying that Congress had expressly barred removal in "direct, unequivocal language" in other statutes, 292 F. 3d 1308, 1310 (2002), but was not comparably prohibitory in § 216(b). The Eleventh Circuit thus joined the First, see *Cosme Nieves* v. *Deshler*, 786 F. 2d 445 (1986), but placed itself at odds with the Eighth, see *Johnson* v. *Butler Bros.*, 162 F. 2d 87 (1947) (denying removability under FLSA). We granted certiorari to resolve the conflict, 537 U. S. 1099 (2003), and now affirm.

## II

### A

There is no question that Breuer could have begun his action in the District Court. The FLSA provides that an action "may be maintained . . . in any Federal or State court of competent jurisdiction," 29 U. S. C. § 216(b), and the district courts would in any event have original jurisdiction over FLSA claims under 28 U. S. C. § 1331, as "arising under the Constitution, laws, or treaties of the United States," and § 1337(a), as "arising under any Act of Congress regulating commerce." Removal of FLSA actions is thus prohibited under § 1441(a) only if Congress expressly provided as much.

Nothing on the face of 29 U. S. C. § 216(b) looks like an express prohibition of removal, there being no mention of removal, let alone of prohibition. While § 216(b) provides

that an action "may be maintained . . . in any . . . State court of competent jurisdiction," the word "maintain" enjoys a breadth of meaning that leaves its bearing on removal ambiguous at best. "To maintain an action" may mean "to continue" to litigate, as opposed to "commence" an action.[1] Black's Law Dictionary 1143 (3d ed. 1933). But "maintain" in reference to a legal action is often read as "bring" or "file"; "[t]o maintain an action or suit may mean to commence or institute it; the term imports the existence of a cause of action." *Ibid.*; see 1A J. Moore et al., Moore's Federal Practice ¶ 0.167[5], p. 472 (2d ed. 1996) (calling the "'may be maintained'" language an "ambiguous phrase" and "certainly not an express provision against removal within the meaning of § 1441"); 14C C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3729, p. 235 (1998) (referring to "use of the ambiguous term 'maintain' in the statute"). The most, then, that Breuer can claim simply from the use of the term "maintain" is that any text, even when ambiguous, that might be read as inconsistent with removal is an "express" prohibiting provision under the statute. But if an ambiguous term like "maintain" qualified as an express provision

---

[1] Actually, there is reason to think that this sense of "maintain" was intended. Under the FLSA, the Secretary of Labor may file a suit on behalf of an employee to recover unpaid wages or overtime compensation, and when the Secretary files such a suit, an employee's right to bring a comparable action terminates, see, *e. g.*, 29 U. S. C. § 216(c). Congressional reports suggest that although an employee may no longer initiate a new action once the Secretary has sued, an employee may continue to litigate, *i. e.*, "maintain," an action already pending. See H. R. Conf. Rep. No. 327, 87th Cong., 1st Sess., 20 (1961) (filing of the Secretary's complaint would "not, however, operate to terminate any employee's right to maintain such a private suit to which he had become a party plaintiff before the Secretary's action"); S. Rep. No. 145, 87th Cong., 1st Sess., 39 (1961) (Secretary's filing of complaint "terminates the rights of individuals to later file suit"); cf. *Smallwood* v. *Gallardo*, 275 U. S. 56, 61 (1927) ("To maintain a suit is to uphold, continue on foot and keep from collapse a suit already begun"). Seen in this light, Congress's use of the term "maintain" is easy to understand, carrying no implication for removal.

for purposes of 28 U. S. C. § 1441(a), then the requirement of an "expres[s] provi[sion]" would call for nothing more than a "provision," pure and simple, leaving the word "expressly" with no consequence whatever. "[E]xpres[s] provi[sion]" must mean something more than any verbal hook for an argument.

The need to take the express exception requirement seriously is underscored by examples of indisputable prohibitions of removal in a number of other statutes. Section 1445, for example, provides that

> "(a) A civil action in any State court against a railroad or its receivers or trustees . . . may not be removed to any district court of the United States.
>
> "(b) A civil action in any State court against a carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments . . . may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs.
>
> "(c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.
>
> "(d) A civil action in any State court arising under . . . the Violence Against Women Act of 1994 may not be removed to any district court of the United States."

See also 15 U. S. C. § 77v(a) ("[N]o case arising under [the Securities Act of 1933] and brought in any State court of competent jurisdiction shall be removed to any court of the United States"); § 1719 ("No case arising under [the Interstate Land Sales Full Disclosure Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States, except where the United States or any officer or employee of the United States in his official capacity is a party"); § 3612 ("No case arising under [the Condominium and Cooperative Abuse Relief Act of 1980] and

brought in any State court of competent jurisdiction shall be removed to any court of the United States, except where any officer or employee of the United States in his official capacity is a party"). When Congress has "wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms." *Cosme Nieves*, 786 F. 2d, at 451. It has not done so here.

## B

None of Breuer's refinements on his basic argument from the term "maintain" puts him in a stronger position. He goes on to say, for example, that interpretation does not stop at the dictionary, and he argues that the statutory phrase "may be maintained" shows up as sufficiently prohibitory once it is coupled with a federal policy of construing removal jurisdiction narrowly. Breuer relies heavily on our statement in *Shamrock Oil & Gas Corp.* v. *Sheets*, 313 U. S. 100 (1941), that "the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of [removal legislation] . . . . 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits . . . the statute has defined.'" *Id.*, at 108–109 (quoting *Healy* v. *Ratta*, 292 U. S. 263, 270 (1934)). But whatever apparent force this argument might have claimed when *Shamrock* was handed down has been qualified by later statutory development. At the time that case was decided, § 1441 provided simply that any action within original federal subject-matter jurisdiction could be removed. Fourteen years later, however, it was amended into its present form, requiring any exception to the general removability rule to be express. See Act of June 25, 1948, § 1441(a), 62 Stat. 937 (authorizing removal over civil suits within the district courts' original jurisdiction "[e]xcept as otherwise expressly provided by Act of Congress"); see also 28 U. S. C. § 1441 (historical and revi-

sion notes). Since 1948, therefore, there has been no question that whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception. As *Shamrock* itself said, "the language of the Act . . . evidence[s] the Congressional purpose," 313 U. S., at 108, and congressional insistence on express exception is hardly satisfied by the malleability of the term "maintain" in the text Breuer relies upon.

Nor does it do Breuer any good to emphasize a sense of "maintain" as implying continuation of an action to final judgment, so as to give a plaintiff who began an action the statutory right under 29 U. S. C. § 216(b) to see it through. We may concede that it does, and the concession leaves the term "maintain" just as ambiguous as ever on the issue before us.[2] The right to maintain an action may indeed be a right to fight to the finish, but removal does nothing to defeat that right; far from concluding a case before final judgment, removal just transfers it from one forum to another. As between a state and a federal forum, the statute seems to betray an indifference, with its provision merely for maintaining action "in any Federal or State Court," *ibid.*

But even if the text of § 216(b) were not itself reason enough to doubt that the provision conveys any right to remain in the original forum, the implication of Breuer's position would certainly raise misgivings about his point. For if the phrase "[a]n action . . . may be maintained" meant that a plaintiff could insist on keeping an FLSA case wherever he filed it in the first place, it would seem that an FLSA case brought in a federal district court could never be transferred to a different one over the plaintiff's objection, a result that would plainly clash with the provision for change of venue, 28 U. S. C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer

---

[2] As to individual cases brought before the institution of any suit by the Government, see n. 1, *supra.*

any civil action to any other district or division where it might have been brought").

It is, finally, a like concern about consequences that leaves us with fatal reservations about Breuer's pragmatic appeal that many claims under the FLSA are for such small amounts that removal to a sometimes distant federal court may make it less convenient and more expensive for employees to vindicate their rights effectively. This may often be true, but even if its truth somehow justified winking at the ambiguity of the term "maintain," the implications would keep us from going Breuer's way. A number of other statutes incorporate or use the same language as § 216(b), see 29 U. S. C. § 626(b) (providing that the Age Discrimination in Employment Act of 1967 "shall be enforced in accordance with the powers, remedies, and procedures provided in" § 216(b) and other sections of the FLSA); § 2005(c)(2) ("An action to recover the liability prescribed [under the Employee Polygraph Protection Act of 1988] in paragraph (1) may be maintained against the employer in any Federal or State court of competent jurisdiction"); § 2617(a)(2) ("An action to recover the damages or equitable relief [under the Family and Medical Leave Act of 1993] prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees"). Breuer, then, cannot have a removal exception for the FLSA without entailing exceptions for other statutory actions, to the point that it becomes just too hard to believe that a right to "maintain" an action was ever meant to displace the right to remove.[3]

---

[3] Breuer points to two nonjudicial authorities that do nothing to assuage our skepticism. He calls our attention to the position taken by the Administrator of the Wage and Hour Division, United States Department of Labor, in an *amicus* brief filed before the Eighth Circuit in *Johnson* v. *Butler Bros.*, 162 F. 2d 87 (1947), arguing that the text of the FLSA and the policies motivating its passage demonstrate that FLSA actions may

### III

Breuer's case was properly removed under 28 U. S. C. § 1441, and the judgment of the Eleventh Circuit is affirmed.

*It is so ordered.*

---

not be removed to federal court. But this brief is not persuasive authority. The Secretary has no responsibility for applying the removal statute and no particular authority to interpret it; the Secretary's opinion cannot make up for the absence of express statutory language. Breuer also points to a Senate Report accompanying the 1958 enactment of 28 U. S. C. § 1445, a provision barring removal of workers' compensation actions under state law. Referring to actions brought under the FLSA, the report states "[i]f filed in the State courts the law prohibits removal to the Federal court." S. Rep. No. 1830, 85th Cong., 2d Sess., 9 (1958). But a stray comment in a congressional report stands a long way from an express statutory provision.