Dwayne A. KOZLOWSKI, Plaintiff,

v.

CITY OF DUNKIRK, NEW YORK, et al., Defendants.

No. 03–CV–0766C(F).

United States District Court, W.D. New York.

April 29, 2004.

William E. Grande, Kenmore, New York City, for Plaintiff.

City of Dunkirk Law Department, Sami Wallace, of Counsel, Dunkirk, New York, for Defendants.

CURTIN, District Judge.

## INTRODUCTION

This matter is before the court on defendants' motion to dismiss the complaint for lack of subject matter jurisdiction (Item 6). Plaintiff commenced this action on October 10, 2003, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* (Item 1). Specifically, plaintiff contends that his employer, the City of Dunkirk, allowed him to accrue paid holidays and vacation days while he was on military leave. Plaintiff was paid for 13 holidays and 10 vacation days (Item 1, ¶ 26). Thereafter, defendants determined that this was error and deducted the vacation and holiday time from his leave accruals, a total of 184 hours (Item 1, ¶ 44). Plaintiff states that this action was a violation of the FLSA, and seeks an award of damages equal to the deducted hours, interest on that amount, liquidated damages, and attorney's fees.

## BACKGROUND AND FACTS

Plaintiff is currently a police investigator for the City of Dunkirk Police Department, and has been employed by the Department since 1987 (Item 1, ¶ 17). He accrues compensatory time in accordance with a collective bargaining agreement ("CBA") between the City and the Police Benevolent Association. From November 5, 2001 through August 17, 2003, plaintiff was on active duty in the Air Force Reserves, and was on a military leave of absence from his position with the Dunkirk Police Department. Plaintiff alleges that the City of Dunkirk allowed him to accrue 13 holidays and 10 vacation days, paid him for the time, and then wrongfully deducted from his leave accruals an amount of time equal to the paid vacation and holidays.

In their answer filed December 16, 2003, defendants state that plaintiff was not entitled to the accrual of civilian vacation time while on military leave time without authorization by the City of Dunkirk. They contend that plaintiff's receipt of payment for the 13 holidays and 10 vacation days was an inadvertent error, not an authorization (Item 4).

On February 6, 2004, defendants filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction (Item 6). They argue that plaintiff has not alleged a violation of the FLSA, and that the amount at issue does not meet the jurisdictional minimum.

Plaintiff filed a response to the motion on February 26, 2004, including an attorney's affidavit (Item 7) and a memorandum of law (Item 8). The court deemed oral argument unnecessary. For the reasons that follow, the defendants' motion is denied.

## DISCUSSION

Plaintiff asserts federal subject matter jurisdiction under the FLSA (Item 1, ¶ 1). There is no question that the district court has original jurisdiction over FLSA claims. The statute provides that an action "may be maintained ... in any Federal or State court of competent juris-

diction ...." 29 U.S.C. § 216(b); *see also Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003). Additionally, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." As the FLSA is a federal statute, this court has original jurisdiction over the claim. There is no jurisdictional requirement in section 1331 that the amount in controversy exceed $75,000. That requirement is found in 28 U.S.C. § 1332, and applies to actions in which jurisdiction is based on diversity of citizenship. Here, diversity is not alleged as basis for jurisdiction.

Defendants have also raised the argument, without significant explication, that plaintiff has alleged no violation of the FLSA. As such, defendants seem to argue that plaintiff has failed to state a claim for which relief can be granted. To the extent that plaintiff has alleged a claim under the FLSA, this court has jurisdiction. If defendants wish to make a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), they may do so, and plaintiff will be given an opportunity to respond to that motion.

## CONCLUSION

Based on the foregoing, the defendants' motion to dismiss for lack of subject matter jurisdiction is denied. The court shall conduct a telephone conference with counsel on May 26, 2004 at 3 p.m. to set a further schedule in the case.

So ordered.