457 F.Supp.2d 41 (2006)
FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE), Plaintiff,
v.
SEALED, Defendant.
Civil Action No. 06-1839 (RBW).
United States District Court, District of Columbia.
October 31, 2006.

MEMORANDUM OPINION
WALTON, District Judge.
The Federal National Mortgage Association ("Fannie Mae"), a federally chartered corporation located in the District of Columbia, brings this action against a resident of New York, articulating several state and common law claims and seeking, inter alia, preliminary and permanent injunctive relief as well as no less than $75,000 in monetary damages. Complaint ("Compl.") at 1, 15. In its complaint, Fannie Mae premises this Court's subject-matter jurisdiction over its claims solely on the "sue and be sued" clause of its federal corporate charter, 12 U.S.C. § 1723a(a) (2000) ("Section 1723a(a)"). Compl. ¶5. This clause provides that Fannie Mae "shall have power ... in its corporate name, to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1723a(a).
*42 On October 27, 2006, the Court directed Fannie Mae to "detail with greater specificity the statutory provision which vests subject matter jurisdiction over this matter in the United States District Court for the District of Columbia." October 27, 2006 Order at 1; see Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S.Ct. 1235, 1240, 163 L.Ed.2d 1097 (2006) (observing that "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised ... by a court on its own initiativet ] at any stage in the litigation") (citation omitted). In its response, Fannie Mae contends that Section 1723a(a) acts as "a direct grant of original jurisdiction by Congress" over any actions in which Fannie Mae is a party. Response to Order of Court ("PL's Resp.") at 1. As detailed below, however, it is this Court's view that the language of Section 1723a(a) does not confer jurisdiction upon the federal courts where no independent grounds for such jurisdiction otherwise exist. The Court accordingly holds that it lacks jurisdiction to consider Fannie Mae's complaint under Section 1723a(a). But, because it appears from the face of Fannie Mae's complaint that the prerequisites for diversity jurisdiction exist, although they have not been specifically pled, see Compl. at 1-2, 15, the Court will afford Fannie Mae leave to amend its complaint to assert an independent basis, other than the "sue and be sued" clause of Section 1723a(a), as grounds for the Court to exercise jurisdiction over this matter.
In support of its proposition that Section 1723a(a) acts as a grant of original federal jurisdiction in actions in which it is a party, Fannie Mae relies on American National Red Cross v. S.G., 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992). PL's Resp. at 1. In that case, the Supreme Court held that a similar, but not identical, "sue and be sued" provision in the Red Cross congressional charter conferred original federal jurisdiction over all actions involving that organization, rather than acting as "a mere grant of general corporate capacity to sue" and a waiver of sovereign immunity from suit. Am. Nat'l Red Cross, 505 U.S. at 257, 112 S.Ct. 2465. The Red Cross charter authorizes that organization, in relevant part, to "sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States." 36 U.S.C. § 300105(a)(5) (2000); see also Am, Nat'l Red Cross, 505 U.S. at 251-52, 112 S.Ct. 2465 (discussing the enactment of the Red Cross "sue and be sued" clause in its present form). In concluding that this language constituted a grant of original federal jurisdiction, the Supreme Court noted that its past cases "consider[ing] whether the `sue and be sued' provision of a particular federal corporate charter conferred original federal jurisdiction over cases to which that corporation was a party ... [had] placed Congress on prospective notice of the language necessary and sufficient to confer jurisdiction." Am. Nat'l Red Cross, 505 U.S. at 252, 112 S.Ct. 2465 (citations omitted) (emphasis added). The Court therefore placed great weight on the fact that the clause in the Red Cross charter had been amended in 1947 to include the term "State or Federal," id. at 251-52, 112 S.Ct. 2465, given that previous Supreme Court cases had indicated that original federal jurisdiction was not conferred when the federal corporate charter at issue did not expressly authorize litigation in federal courts. Id. at 252-57, 112 S.Ct. 2465 (discussing cases). Examining those past cases, the American National Red Cross Court fashioned a "rule" which states that a "sue and be sued" provision of a federal corporate charter "may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts." Id. at 255, 112 S.Ct. 2465 (emphasis added). *43 Applying this rule, and "presuming congressional knowledge of [the] interpretation of [a] similarly worded earlier statute," id. at 252, 112 S.Ct. 2465 (citation omitted), the Supreme Court concluded that the Red Cross charter "suffice[d] to confer federal jurisdiction" because it "expressly authorized] the organization to sue and be sued in federal courts, using language resulting in a `sue and be sued' provision in all relevant respects identical to one on which [the Court] had based a holding of federal jurisdiction just five years before," id. at 257, 112 S.Ct. 2465.
To the extent that Fannie Mae believes that American National Red Cross has conclusively resolved the question whether Section 1723a(a) confers original federal jurisdiction, see PL's Resp. at 1-2, it is mistaken. As noted above, the American National Red Cross Court held that a "sue and be sued" provision "may be read to confer federal jurisdiction if ... it specifically mentions the federal courts." 505 U.S. at 255, 112 S.Ct. 2465 (emphasis added). Because the Fannie Mae charter does contain express language "authorizing the organization to sue and be sued in federal courts," Am. Nat'l Red Cross, 505 U.S. at 257, 112 S.Ct. 2465; see 12 U.S.C. § 1723a(a), it is clear that American National Red Cross does not categorically foreclose a reading of Section 1723a(a) which confers original federal jurisdiction in all actions in which Fannie Mae is a party. However, the Supreme Court nowhere states, nor can it fairly be inferred from American National Red Cross, that the mere presence of this express language in Section 1723a(a) or any other federal corporate charter with similar language is sufficient to compel such an interpretation.[1]Cf. Am. Nat'l Red Cross, 505 U.S. at 264, 112 S.Ct. 2465 (stating that Supreme Court caselaw "simply reflect[s] the fact that the natural reading of some 'sue and be sued' clauses is that they confer both capacity and jurisdiction") (Scalia, *44 J., dissenting) (emphasis in original). The American National Red Cross Court premised its conclusion that the Red Cross charter operated as a grant of original jurisdiction not merely on the language "expressly authorizing [that] organization to sue and be sued in federal courts," but on the fact that in enacting the Red Cross charter, Congress "us[ed] language resulting in a `sue and be sued' provision in all relevant respects identical to one on which [the Supreme Court had] based a holding of federal jurisdiction just five years before." Id. at 257, 112 S.Ct. 2465. Here, unlike the provision at issue in American National Red Cross, Section 1723a(a) is not "in all relevant respects identical" to a "sue and be sued" provision previously construed by the Supreme Court, id., and there is accordingly no reason to impute to Congress a belief that, in enacting Fannie Mae's federal corporate charter, it had crafted "language necessary and sufficient to confer jurisdiction" upon the federal courts, id. at 252, 112 S.Ct. 2465 (citations omitted).
Indeed, the language of the "sue and be sued" clause found in Section 1723a(a) of the Fannie Mae charter is substantively different from that of the similar clause contained within the charter examined in American National Red Cross. Compare 12 U.S.C. § 1723a(a) with 36 U.S.C. § 300105(a)(5). While the Red Cross charter authorizes suit "in courts of law and equity, State or Federal, within the jurisdiction of the United States," 36 U.S.C. § 300105(a)(5), Section 1723a(a) allows Fannie Mae "to sue or be sued, and to complain or defend, in any court of competent jurisdiction, State or Federal," 12 U.S.C. § 1723a(a) (emphasis added). This is an important distinction. To accept Fannie Mae's argument that Section 1723a(a) provides a blanket grant of federal jurisdiction to all actions in which Fannie Mae is a party, regardless of whether an independent basis for federal jurisdiction also exists, is to read the term "of competent jurisdiction" entirely out of that "sue and be sued" clause. It is "a cardinal principle of statutory construction ... that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." TRW, Inc. v. Andrews, 534 U.S. 19, 31, 122 S.Ct. 441, 151 L.Ed.2d 339 (2001) (internal quotation marks and citations omitted); see also Scheidlerv. Nat'l Org. of Women, ___ U.S. ____, ____ 126 S.Ct. 1264, 1273, 164 L.Ed.2d 10 (2006) (noting the "canon of statutory construction that favors interpretations that give a function to each word in a statute, thereby avoiding linguistic superfluity") (citation omitted); United States v. Menasche, 348 U.S. 528, 538-39, 75 S.Ct. 513, 99 L.Ed. 615 (1955) (observing the duty of courts "to give effect, if possible, to every clause and word of a statute") (internal quotation marks and citations omitted).
This canon is particularly applicable "when the term [in question] occupies so pivotal a place in the statutory scheme" as does the term "of competent jurisdiction" in Section 1723a(a). Duncan v. Walker, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). For the phrase "any court of competent jurisdiction, State or Federal" to have any reasonable meaning, it must be read to distinguish state and federal courts whose jurisdiction is "competent" from state and federal courts whose jurisdiction, in a particular case, is not "competent."[2] 12 U.S.C. § 1723a(a); *45 see Poindexter v. Nat'l Mortgage Co., Civ. No. 94-5814, 1995 WL 242287, at *10 (N.D.Ill.1995) (noting that, unlike the provision at issue in American National Red Cross, Section 1723a(a) "is distinguished by the phrase `in any court of competent jurisdiction, State or Federal,' implying that one must look elsewhere to determine competence") (citations omitted). Otherwise, the term "of competent jurisdiction" simply "has no operative effect on the scope of the provision." Duncan, 533 U.S. at 174, 121 S.Ct. 2120; see also W. Sees. Co. v. Derwinski, 937 F.2d 1276, 1279 (7th Cir.1991) (contrasting provision authorizing suit "in any court of competent jurisdiction, State or Federal," with similar provision not containing the term "of competent jurisdiction," and finding that the first, unlike the second, should not be read as a grant of jurisdiction) (citations omitted). This is true not only in this instance, but in the large number of other congressional statutes that refer to courts "of competent jurisdiction." See, e.g., 29 U.S.C. § 216(b) (2000) (providing that an action under the Fair Labor Standards Act "may be maintained ... in any Federal or State court of competent jurisdiction (emphasis added); 29 U.S.C. § 626(c)(1) (2000) (providing that "[a]ny person aggrieved [under the Age Discrimination in Employment Act] may bring a civil action in any court of competent jurisdiction") (emphasis added); 29 U.S.C. § 2617(a)(2) (2000) (providing that "[a]n action [under the Family and Medical Leave Act] ... may be maintained against any employer... in any Federal or State court of competent jurisdiction ") (emphasis added); 42 U.S.C. § 12202 (2000) (providing that "[a] state shall not be immune ... from an action in Federal or State court of competent jurisdiction for a violation of [the Americans with Disabilities Act]") (emphasis added); 47 U.S.C. § 332(c)(7)(B)(v) (2000) (providing that "[a]ny person adversely affected by any final action or failure to act by a State or local government... that is inconsistent with this subparagraph may ... commence an action in any court of competent jurisdiction ") (emphasis added). If the Court were to adopt Fannie Mae's interpretation of Section 1723a(a) and hold that the phrase "any court of competent jurisdiction, State or Federal," authorized suit in any state or federal court, whether or not an independent basis for jurisdiction existed, such a result would be grievously out of step with these myriad other statutes, none of which have been interpreted with such staggering breadth.[3]Cf. Arlington Cent. Sch. *46 Dist. Bd. of Educ. v. Murphy, ___ U.S. ___, ___, 126 S.Ct. 2455, 2459, 165 L.Ed.2d 526 (2006) (stating that if "the statutory language is plain, the sole function of the courtsat least where the disposition required by the text is not absurdis to enforce it according to its terms") (internal quotation marks and citations omitted); Friends of the Earth, Inc. v. EPA, 446 F.3d 140, 146 (D.C.Cir.2006) (holding that "to avoid a literal interpretation [of the statutory text], [a litigant] must show either that, as a matter of historical fact, Congress did not mean what it appears to have said, or that, as a matter of logic and statutory structure, it almost surely could not have meant it") (internal quotation marks and citation omitted). Furthermore, several other Circuits have interpreted an identical statutory provision in the National Housing Act, 12 U.S.C. § 1702 (2000), authorizing suit against the Secretary of Housing and Urban Development "in any court of competent jurisdiction, State or Federal," as a waiver of sovereign immunity, rather than a grant of federal jurisdiction. See, e.g., C.H Sanders Co. v. BHAP Hons. Dev. Fund Co., 903 F.2d 114, 118 (2d Cir.1990) (holding that 12 U.S.C. § 1702 "is only a waiver of sovereign immunity and not an independent grant of jurisdiction"); Lomas & Nettleton Co. v. Pierce, 636 F.2d 971, 973 (5th Cir.1981) (same); see also Derwinski, 937 F.2d at 1279 (holding that an identical provision directed at the Secretary of Veterans' Affairs "is better read as a waiver of sovereign immunity than as a grant of jurisdiction") (citations omitted). In accordance with those Circuits, this Court agrees that a provision authorizing suit "in any court of competent jurisdiction, State or Federal," is best construed not as an original grant of federal jurisdiction, but solely as a waiver of sovereign immunity and a "grant of general corporate capacity to sue," Am. Nat'l Red Cross, 505 U.S. at 257, 112 S.Ct. 2465. See Molton, Allen & Williams, Inc. v. Harris, 436 F.Supp. 853, 855 (D.D.C.1977) (holding that "the rule in this District[ ] is that `sue and be sued' clauses, such as 12 U.S.C. §§ 1702 & 1723a, are not jurisdictional grants") (citations omitted).
For the foregoing reasons, the Court concludes that (1) it is not compelled by American National Red Cross to read Section 1723a(a) as vesting original jurisdiction in federal courts over all actions in which Fannie Mae is a party, and (2) the most reasonable plain reading of Section 1723a(a) requires that an action involving Fannie Mae must be brought in a state or federal court "of competent jurisdiction," i.e., one in which an independent basis for jurisdiction exists. The Court therefore holds that it lacks subject matter jurisdiction under Section 1723a(a) over the state law claims asserted in Fannie Mae's complaint. However, although Section 1723a(a) is the only basis for federal jurisdiction pled in the complaint, the Court observes that Fannie Mae alleges facts that are consistent with the existence of *47 diversity jurisdiction under 28 U.S.C. § 1332 (2000). See Compl. H3 (stating that Fannie Mae is a District of Columbia corporation); id. ¶4 (stating that the defendant is a resident of New York); id. at 15 (stating that Fannie Mae seeks damages in excess of $75,000). Accordingly, the Court will grant Fannie Mae leave to amend its complaint to plead any alternative basis that might exist for the Court to exercise jurisdiction over this matter. If Fannie Mae decides to proceed in this manner, the amended complaint will be accepted as filed nunc pro tunc to the date of the original complaint, so that Fannie Mae's asserted need for immediate temporary injunctive relief, Compl. at 1, will not be prejudiced.
SO ORDERED this 31st day of October, 2006.[4]
NOTES
[1] Fannie Mae claims that it "has routinely sought and been afforded the protections of a federal forum." Pl.'s Resp. at 1. However, the only written authority in this Circuit, although decided before American National Red Cross, suggests that Section 1723a(a) does not operate as a grant of original federal jurisdiction. Molton, Allen & Williams, Inc. v. Harris, 436 F.Supp. 853, 855 (D.D.C. 1977) (holding that "the rule in this District! ] is that `sue and be sued' clauses, such as 12 U.S.C. §§ 1702 & 1723a, are not jurisdictional grants") (citations omitted). And while it is true that since American National Red Cross was decided, several district courts in other Circuits have held that Section 1723a(a) confers original jurisdiction upon federal courts to decide state law claims involving Fannie Mae, those courts have uniformly given the issue extremely short shrift, applying American National Red Cross in mechanical and perfunctory fashion or merely stating, conclusorily and without any analysis, that Section 1723a(a) operates as a grant of jurisdiction. See Grun v. Countrywide. Home Loans, Inc., Civ. No. 03-0141, 2004 WL 1509088, at *2 (W.D.Tex. July 1, 2004) (noting that the plaintiff's motion to remand was denied because Section 1723a(a) "confers jurisdiction in this Court over this controversy") (citing Am. Nat'l Red Cross); Connelly v. Fed. Nat'l Mortgage Association, 251 F.Supp.2d 1071, 1072-73 (D.Conn.2003) (citing 12 U.S.C. § 1723a(a) and Am. Nat'l Red Cross); C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 891 F.Supp. 371, 371 (S.D.Tex. 1994), affd on other grounds, 61 F.3d 288 (5th Cir.1995) (stating that "[t]his cause of action is in federal court as a result of a removal based on original jurisdiction [in Section 1723a(a)]") (citing 12 U.S.C. § 1723a(a)); Peoples Mortgage Co. v. Fed. Nat'l Mortgage Ass'n, 856 F.Supp. 910, 917 (E.D.Pa.1994) (stating that state law claims against Fannie Mae were properly removed to federal court because Section 1723a(a) "confers subject matter jurisdiction upon th[e] [district] court") (citing 12 U.S.C. § 1723a(a)). But see Poindexter v. Nat'l Mortgage Co., Civ. No. 94-5814, 1995 WL 242287, at *10 (N.D.111.1995) (distinguishing Section 1723a(a) from the Red Cross charter and holding that Section 1723a(a) does not confer original jurisdiction).
[2] In addition, as Justice Scalia notes in his dissent in American National Red Cross, [the] parallel treatment of state and federal courts [in Section 1723a(a)] ... further undermines a jurisdictional reading of the statute, since the provision cannot reasonably be read as allowing [Fannie Mae] to enter a state court without establishing the independent basis of jurisdiction appropriate under state law. Such a reading would present serious constitutional questions. Since the language of [Section 1723a(a)] cannot fairly be read to create federal jurisdiction but not state jurisdiction, [it should not be construed] as creating either.

505 U.S. at 268, 112 S.Ct. 2465 (Scalia, J., dissenting) (citations omitted).
[3] Indeed, the Supreme Court's interpretation of the "right to suit" clause of the Fair Labor Standards Act ("FLSA") in Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003), is instructive in this regard. The Breuer Court held that an action under the FLSA was properly removed from state court to federal district court because (1) the provision stating that such actions "may be maintained ... in any Federal or State court of competent jurisdiction," 29 U.S.C. § 216(b)and, specifically, the term "maintained"did not contain an express prohibition on removal, and (2) the federal district court "would in any event have original jurisdiction over FLSA claims" such that the terms of the general federal removal statute, 28 U.S.C. § 1441 (2000), were satisfied. Breuer, 538 U.S. at 694, 123 S.Ct. 1882. In enumerating the statutes which granted original jurisdiction to federal courts over claims brought pursuant to the FLSA, the Court listed 28 U.S.C. § 1331 (2000), which confers original jurisdiction over federal questions, and 28 U.S.C. § 1337(a) (2000), which confers original jurisdiction over claims arising under congressional statutes regulating commerce, but not 29 U.S.C. § 216(b), notwithstanding the latter statute's explicit statement entitling litigants to maintain actions under the FLSA "in any Federal or State court of competent jurisdiction." Breuer, 538 U.S. at 694, 123 S.Ct. 1882. Given that Fannie Mae urges this Court to interpret Section 1723a(a)'s "sue and be sued" provision, which is nearly indistinguishable from the provision of 29 U.S.C. § 216(b), as conferring original federal jurisdiction on actions falling within its ambit, it is curious that the Breuer Court, when tasked with naming all bases on which FLSA litigants could find their way into federal court, did not note that original jurisdiction was conferred by the statutory provision that was so readily at hand.
[4] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.