Omar SAN ANTONIO–TRINIDAD,
Plaintiff,

v.

MARRIOTT P.R. MANAGEMENT
CORPORATION, Defendant.

Civil No. 10–1628 (FAB).

United States District Court,
D. Puerto Rico.

March 24, 2011.

Kendys Pimentel–Soto, San Juan, PR, for Plaintiff.

Ivy Mercado–Ramos, Guzman & Mercado P.S.C., Guaynabo, PR, Ricardo Guzman–Lopez de Victoria, Guzman Law Offices, Bayamon, PR, for Defendant.

## OPINION AND ORDER [1]

BESOSA, District Judge.

Before the Court is plaintiff Omar San Antonio–Trinidad's ("San Antonio–Trinidad") motion to remand for lack of subject matter jurisdiction. (Docket No. 5 and 6.) The defendant, Marriott P.R. Management Corporation, ("Marriott") opposes it. (Docket No. 9.) For the reasons discussed below, the Court hereby **GRANTS** San Antonio–Trinidad's motion to remand for lack of subject matter jurisdiction.

## I. Procedural Background

On June 28, 2010, San Antonio–Trinidad filed a complaint in Commonwealth court alleging wrongful termination and underpayment of wages and benefits. As remedies, he seeks back pay, severance pay, damages, legal costs and attorney fees. (Docket No. 7–1.) On July 8, 2010, Marriott filed a notice of removal alleging federal question jurisdiction. (Docket No. 1.) On July 13, 2010, San Antonio–Trinidad filed a motion to remand, along with a supporting memorandum, alleging that there is no federal question presented and that this Court lacks subject matter jurisdiction. (Docket No. 5 and 6.) On July 29, 2010, Marriott filed its opposition. (Docket No. 9.)

## II. Standards

### A. Removal

The Removal Statute allows a defendant to remove a case to federal court only

---

1. Hiram M. Angueira, a second-year student at the University of Puerto Rico Law School, assisted in the preparation of this opinion.

when the action could have originally been filed in federal court. 28 U.S.C. § 1441. When a notice of removal is presented, "defendants have the burden of showing the federal court's jurisdiction." *See*, e.g., *Danca v. Private Health Care Systems*, 185 F.3d 1, 4 (1st Cir.1999) (*citing BIW Deceived v. Local 56*, 132 F.3d 824, 831 (1st Cir.1997)). If there are any doubts about the propriety of the removal, however, "all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990) (*quoting Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987)).

### B. Federal Question Jurisdiction and Preemption

Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law for purposes of removal when 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Rossello–Gonzalez v. Calderon*, 398 F.3d 1, 12 (1st Cir.2004) (internal citations omitted).

The controlling principle for federal jurisdiction is the "well-pleaded complaint" rule, which forbids the application of federal question jurisdiction if no federal claim can be discerned from the face of the complaint. *BIW Deceived*, 132 F.3d at 831. Congress, however, has preempted certain matters to have an exclusive federal cause of action so that even what a plaintiff may call a state claim is to be characterized as a federal one. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–5, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ("Congress may so completely preempt a particular area [of law] that any civil complaint raising this select group of claims is necessarily federal in charac-

ter."). Consequently, even if a claim does not make reference to a federal cause of action, if the court determines a plaintiff has asserted a federal law claim even if characterized as a state law claims, removal is proper. *BIW Deceived*, 132 F.3d at 831.

### III. Discussion

#### A. No Cause of Action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 (1974)

Congress enacted ERISA to "provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). The statute contains such expansive preemption provisions that employee benefit claims are exclusively a federal concern. *Id.* Consequently, "any state-law cause of action that duplicates, supplements, or supplants" ERISA is preempted by federal law. *Id.* at 209, 124 S.Ct. 2488. ERISA has a distinctive enforcement mechanism articulated in its section 1132 which provides that a plan's participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

■ Marriott alleges that federal jurisdiction exists because San–Antonio Trinidad's "claims arise, at least in part, from the alleged violation of ... the Employee Retirement Income Security Act ..." (Docket No. 9 at 2.) Marriott states that

San Antonio–Trinidad "asserts entitlement to a lump-sum payment from the Plan," (Docket No. 9 at 4) and includes as an exhibit three pages of the plan to illustrate that the plan to which San Antonio–Trinidad refers is ERISA qualified. (Docket 9–1.) A review of San Antonio–Trinidad's complaint, however, does not reveal that he is asserting a claim for a lump-sum payment or any other type of ERISA benefit. San Antonio–Trinidad's suit is based on the premise that Marriott underpaid his wages and benefits. (Docket 7–1.) Plaintiff seeks the following remedies: (i) severance pay, (ii) back pay, and (iii) damages and attorney's fees under P.R. Laws Ann. tit. 29 §§ 185a (1976) ("Law 80"), § 250 (1998) ("Law 180"), and § 271 (1985) ("Law 379"). (Docket 7–1 at 1–5.) Nowhere on the face of his complaint is San Antonio–Trinidad seeking to recover benefits of an ERISA plan, enforce his rights under an ERISA plan, or clarify his rights to future benefits. *See* 29 U.S.C. § 1132(A)(1)(B). Thus, without a valid claim for benefits as defined by ERISA, there is no "cause of action within the scope of the civil enforcement provisions . . . removable to federal court". *See Aetna Health Inc.*, 542 U.S. at 209, 124 S.Ct. 2488; *see also Flagg v. Ali–Med, Inc.*, 728 F.Supp.2d 1, 6 (D.Mass.2010) (explaining that only "causes of action within the scope of the civil enforcement provisions . . . [are] removable to federal court").

**B. No Cause of Action under the Federal Labor Standards Act (FLSA) 29 U.S.C. §§ 201 (1938)**

■ Congress enacted the Federal Labor Standards Act (FLSA) as remedial legislation designed to guarantee workers a minimum standard of living, a minimum level of working conditions, and to minimize disruptions to the currents of commerce. *Fleming v. Hawkeye Pearl Button Co.*, 113 F.2d 52, 56 (8th Cir.1940). There is concurrent jurisdiction between state and federal courts for actions brought under the FLSA and there is no bar for removal of cases. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 693, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003). The statute has a civil enforcement mechanism that allows affected employees to file a complaint to obtain relief in the form of "employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). In this case, however, the complaint was not filed explicitly or implicitly under the FLSA.

■ Marriott argues that this Court has jurisdiction because San Antonio–Trinidad's "claims arise, at least in part, from the alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.". (Docket 9 at 2.) In support of this assertion, Marriott states that "the plaintiff sets forth that '[t]he Federal Fair Labor Standards Act (FLSA), as amended, 29 U.S.C.A. sec. 201 et seq., applies to' him" (Docket No. 9 at 5.) A close reading of the complaint reveals, however, that San Antonio–Trinidad's actual statement reads "[t]he Federal Fair Labor Standards Act (FLSA), as amended, 29 U.S.C.A. sec. 201 et seq., applies to the respondent." (Docket No. 7–1, at 1, 2.) This misquoted statement does not make the cause of action alleged in the complaint a federal one given that San Antonio–Trinidad's complaint is rooted in Commonwealth law.

San Antonio–Trinidad specified that his cause action was brought pursuant to local laws 80, 180, and 379. Furthermore, Law 180, Puerto Rico's Minimum Wage, Vacation and Sick Leave Act, specifically states that "[t]he federal minimum wage fixed by the Fair Labor Standards Act approved by the Congress of the United States of America on June 25, 1938, as it has subse-

248

quently been amended, shall automatically apply to the workers in Puerto Rico covered by the federal act." P.R. Laws Ann. tit. 29 § 250 (1998). Thus, identifying Marriott as an employer subject to the FLSA is not an attempt to seek relief pursuant to the FLSA, but rather an assertion made as part of a claim under law 180. More importantly, the assertion does not raise a substantial federal issue that needs to be resolved for San Antonio–Trinidad to obtain relief. *See First Nat'l. Bank of Canton, Pa. v. Williams,* 252 U.S. 504, 512, 40 S.Ct. 372, 64 L.Ed. 690 (1920) (explaining the judicial doctrine of a case "arising under" a federal statute.)

## IV. Conclusion

Marriott had the burden of demonstrating the Court's subject matter jurisdiction in this case. In light of Marriott's failure to meet this burden and the principle that "all doubts should be resolved in favor of remand," *Boyer,* 913 F.2d at 111, the Court finds that: 1) there is no ERISA claim to recover benefits under the plan; and 2) there is no FLSA claim underlying plaintiff's complaint. The Court does not have subject matter jurisdiction over this case.

For the foregoing reasons, the Court **GRANTS** San Antonio–Trinidad's motion to remand for lack of subject matter jurisdiction. This case is remanded to the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Division, case number KPE 2010–2419(806).

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**