JERRY E. SMITH, Circuit Judge:
This appeal come to us under the Class Action Fairness Act of 2005 (“CAFA”), Pub.L. 109-2, 119 Stat. 4 (2005). We have motions to decide before briefing is completed on the merits. Because of CAFA’s limitations on the period of time in which we must rule on the merits of the appeal, we need to determine whether that period begins with the filing of the petition for leave to appeal or, instead, with our order granting leave to appeal. We conclude that the time runs from the order.
I.
CAFA includes special procedural provisions to exempt certain class actions from 28 U.S.C. § 1447(d), which generally prohibits appellate review of orders of remand. A new section of the Judicial Code, id. § 1453, entitled “Removal of Class Actions,” establishes limited appellate review of orders granting or denying remand in class actions, as follows:
(1) In general. — Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order.
(2) Time period for judgment. — If the court of appeals accepts an appeal under paragraph (1), the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed, unless an extension is granted under paragraph (3).
(3) Extension of time period. — The court of appeals may grant an extension of the 60-day period described in paragraph (2) if—
(A) all parties to the proceeding agree to such extension, for any period of time; or
(B) such extension is for good cause shown and in the interests of justice, for a period not to exceed 10 days.
(4) Denial of appeal. — If a final judgment on the appeal under paragraph (1) is not issued before the end of the period described in paragraph (2), including any extension under paragraph (3), the appeal shall be denied.
*368 II.
The district court actions in which we have this consolidated appeal were filed in state court and were removed to federal court on the jurisdictional basis of CAFA and federal bankruptcy jurisdiction. On January 25, 2006, the district court entered an order of remand. On February 3, some of the defendants (hereinafter “appellants”) filed in this court a petition for permission to appeal the remand order.[1]
On March 6, this panel granted leave to appeal. On March 7, the clerk of court issued an expedited briefing schedule.[2] Appellants have filed a motion based on the following statement: “It is possible that some may assert that the 60-day period will expire prior to the expiration of the current briefing schedule; therefore, appellants seek an emergency order clarifying the time of the ‘filing’ of the appeal and granting an extension of time as allowed by [CAFA].”[3] The appellees have refused to agree to an extension as would be permitted by § 1453(c)(3)(A).
II.
The plain language of § 1453(c)(1) and (2) is that a court of appeals has the option to “accept” an appeal that is sought under CAFA from an order granting or denying a motion to remand to state court. Naturally this indicates the appeal is discretionary with the court of appeals, which may reject it by denying the petition for permission to appeal, in which case there is (and never was) an appeal in the usual sense.
By this easy reading, a requested appeal under CAFA is subject to Federal Rule of Appellate Procedure 5, which governs (and is entitled) “Appeal by Permission.” Importantly, rule 5(d)(2) says that “[a] notice of appeal need not be filed. The date when the order granting permission to appeal is entered serves as the date of the notice of appeal for calculating time under these rules.”
This subsection leads us to the conclusion that it is the order granting leave to appeal that triggers the sixty-day period for a court of appeals to enter judgment. That is the result reached in a recent, careful opinion, on which the dissent also relies, in Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Servs., Inc., 435 F.3d 1140 (9th Cir.2006). *369 That court persuasively concluded that “in enacting § 1453(c)(1) Congress intended to mirror the procedures for taking an appeal pursuant to [28 U.S.C.] § 1292(b).” Id. at 1145. As that court reasoned, it follows that “a party seeking to appeal under § 1453(c)(1) must comply with the requirements of [rule] 5.” Id.
By reference to § 1292(b) and rule 5, the Ninth Circuit observed that “Congress chose in the language of the statute to require the filing of an ‘application,’ the same word used in § 1292(b), not a ‘notice of appeal.’ ” Id. The distinction is important: When a party files a notice of appeal, there is, at that very point in time, an appeal, albeit one that may later be subject to dismissal for jurisdictional or procedural insufficiency. Where, however, a party “applies” for leave to appeal, or “seeks permission” to do so, there is logically no appeal until the court vested with the authority to grant or deny leave has done so.[4]
One objection the dissent raises to recognizing the order granting leave to appeal as the trigger for counting the sixty days is that by delaying a decision on whether to grant leave to appeal, a court of appeals might be able to extend its “consideration” of the case indefinitely. One device for so doing would be to entertain full merits briefing (and maybe even oral argument), then issuing an opinion or order that either (1) denies leave to appeal based on an evaluation of the merits of the class certification issue or (2) grants leave to appeal and, in the same order or opinion, rules on the merits. Such a procedure arguably would circumvent the evident will of Congress to have CAFA appeals on remand issues decided on an exceptionally tight schedule.[5]
The fact is, however, that abuse can occur under either interpretation of the sixty-day limit. If the period begins with the filing of the motion for permission to appeal, a court of appeals might choose just to “sit” on the motion without ever ruling, content in the knowledge that after sixty days, the appeal will disappear by operation of law, and the court will never have to consider the merits.
The better view is to trust the integrity of the courts of appeals to recognize the Congressional directive to handle CAFA appeals expeditiously and in good faith. The reading we adopt allows 60 days (or 70 or more, if extended) for the court to consider the actual merits of the certification question, aside from the issue of whether an appeal is justified in the first place as a discretionary matter.
This reading of the statute provides enough time for the orderly filing of the briefs, albeit on a schedule much shorter than that normally used in federal appeals. It also allows, where appropriate, time for oral argument. It is not unreasonable to assume that Congress intended to permit at least this amount of time to ensure thorough review of remand issues.
*370 III.
In summary, we conclude that in a CAFA appeal under § 1453, the sixty-day period (or any extended period) in which the court of appeals must render judgment runs from the date of entry by the court of appeals of an order granting permission to appeal. Appellants’ motion for clarification, accordingly, is GRANTED. The motions to extend for ten days the time to file appellants’ briefs are DENIED. The motion to extend all deadlines, including the final date for rendering judgment, is DENIED. This court retains the statutory authority, however, sua sponte to extend,' for good cause shown, the date for rendering judgment. The motion requesting that we rule on the other motions by March 17 is DENIED as moot.
IT IS SO ORDERED.

.Plaintiffs argue that the appeal is untimely because the petition for permission to appeal was filed 9 calendar days after the district court’s order. This claim is meritless. February 3 is within the statutory 7-day limit according to the counting procedure set forth in Federal Rule of Appellate Procedure 26(a)(2), which "[e]xclude[s] intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days.” Accord Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Servs., Inc., 435 F.3d 1140, 1146 (9th Cir.2006) (reasoning that "because the statute does not specify the deadline as calendar days, we construe the seven days as court days, thereby excluding intermediate weekends and holidays”) (citing Fed. R.App P. 26(a)(2)).

. Under the expedited schedule, appellants’ briefs are due March 27, appellees' briefs are due April 10, and appellants' reply briefs are due April 17.

. Specifically, appellants request (1) an emergency order declaring that the " 'filing date’ that starts the 60-day deadline under 28 U.S.C. [§] 1453 began to run on March 6, 2006 and will expire 60 days thereafter, or May 5, 2006;” (2) in the alternative, if we deem the "filing date” to be February 3, that we accelerate the briefing schedule so that briefing is completed in advance of the 60th day after February 3, which is April 4; (3) that in the alternative we extend, by 10 days, the due date for appellants' briefs and extend, by the statutorily-permitted 10 days, the deadline for this court to render judgment; and (4) that we issue our order by March 17.

. In this regard, rule 5(d)(1) provides that "[w]ithin 10 days after entry of the order granting permission to appeal," the appellant must pay the district clerk the required fees. (Emphasis added.) By way of contrast, when a party files a notice of appeal where no leave to appeal is required, the fees must be tendered along with the notice of appeal. In the former situation, there is no appeal until leave is granted, so no appellate fee is called for until that occurs.

. The Seventh Circuit apparently either often or always considers the petition for permission to appeal and the merits of the appeal simultaneously. See, e.g., Phillips v. Ford Motor Co., 435 F.3d 785 (7th Cir.2006); Schorsch v. Hewlett-Packard, 417 F.3d 748 (7th Cir.2005).