# In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 06-2903

JEFFREY HART,

*Plaintiff-Appellant,*

*v.*

FEDEX GROUND PACKAGE SYSTEM INC.,

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 03:05-MD-527 RM—**Robert L. Miller**, *Chief Judge.*

---

SUBMITTED JUNE 30, 2006—DECIDED AUGUST 9, 2006

---

Before ROVNER, WOOD, and WILLIAMS, *Circuit Judges.*

WOOD, *Circuit Judge.* After Jeffrey Hart filed suit against FedEx Ground Package System, Inc. ("FedEx Ground"), in Pennsylvania state court, FedEx Ground removed the case to federal court under the Class Action Fairness Act of 2005, (CAFA), Pub. L. 109-2, 119 Stat. 4 (2005); later, the case found its way to the Northern District of Indiana, where Hart unsuccessfully tried to persuade the district court that this case really belonged back in Pennsylvania state court, under the "home-state controversy" or "local controversy" exceptions to CAFA. Concluding that Hart had the burden of showing that these exceptions applied, the district court denied his motion to remand.

Hart appeals, see 28 U.S.C. § 1453(c), asking us to resolve which party has the burden of proving whether these exceptions to CAFA apply. Although we consider the question close, we conclude that the structure of the statute logically shifts the burden of persuasion to the plaintiff to show that the general rule does not apply. We granted the petition for the appeal in an order dated June 30, 2006, and we now affirm.[1]

# I

Hart initially filed this suit as a state court class action in Pennsylvania, on behalf of himself and all persons that FedEx Ground employed there as local package delivery drivers who were or are improperly classified as "independent contractors." FedEx Ground's principal place of business is in Pittsburgh, Pennsylvania, making it a citizen of Pennsylvania for purposes of federal court diversity jurisdiction. See 28 U.S.C. § 1332(c)(1). Because Hart too is a citizen of Pennsylvania, in the absence of CAFA nothing would support federal subject-matter jurisdiction over these claims. That is because § 1332 requires "complete diversity," meaning that no plaintiff may be from the same state as any defendant, and in class actions only the citizenship of the named plaintiff counts. See *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806) (complete diversity rule); *Snyder v. Harris*, 394 U.S. 332, 340 (1969) (look only to citizenship of named plaintiffs in a class). Ever since the Supreme Court decided *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523 (1967), however, it has been established that the grant of diversity jurisdiction in Article III of the

---

[1] We also issued an order in this case on March 28, 2006, explaining how we interpreted the timing requirements in CAFA and indicating that a decision whether to accept the appeal would follow.

Constitution permits the federal courts to decide cases with only "minimal" diversity—that is, just one party with citizenship different from all others—and that the "complete" diversity requirement is statutory. See *id.* at 531.

Congress is naturally free to expand or contract the statutory diversity jurisdiction, and it has done so from time to time. For many years, it has permitted minimal diversity suits under the federal interpleader statute, 28 U.S.C. § 1335. In 2005, it did the same thing for large class actions, when it enacted CAFA. Section 1332(d)(2) reads as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which
>
> > (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> >
> > (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> >
> > (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

Congress decided to qualify this rule of minimal diversity, however, for class actions that were essentially local in nature. If the minimal diversity rule of CAFA is an exception to the normal rule in § 1332 requiring complete diversity, then the home-state and local controversy provisions of § 1332(d)(4) are the exceptions to the exception. The subsection pertinent to Hart's case is § 1332(d)(4)(B), which says that "[a] district court shall decline to exercise jurisdiction [under § 1332(d)(2)]" if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are

citizens of the State in which the action was originally filed." See also § 1332(d)(4)(A) (setting forth an alternative way to prove that the controversy is local).

Relying on this provision, Hart alleged in his complaint that federal jurisdiction was lacking in his case "because the defendant and greater than two-thirds of the members of the plaintiff class, if not all of the members of the plaintiff class, are citizens of Pennsylvania." FedEx Ground filed a notice of removal claiming federal question jurisdiction[2] and diversity jurisdiction pursuant to CAFA, § 1332(d), stating that "[u]pon information and belief, some of the proposed class members are not residents of Pennsylvania."

After the case was removed, it was transferred to the Northern District of Indiana by the Judicial Panel on Multidistrict Litigation. In that court, Hart moved for remand, relying on the home-state controversy exception to CAFA's jurisdictional rule. See § 1332(d)(4)(B). He argued, relying on this court's decision in *Brill v. Countrywide Home Loans*, 427 F.3d 446, 447-49 (7th Cir. 2005)*,* that FedEx Ground, as the proponent of CAFA jurisdiction, bore the burden of demonstrating not only that CAFA's general jurisdictional requirements were met, see § 1332(d)(2), but also that none of the mandatory exclusions from CAFA jurisdiction found in § 1332(d)(4) applied. Hart also argued that allegations of residence are not sufficient to establish citizenship for diversity purposes. Hart has waived the latter objection, however, because he did not move for remand within thirty days of removal. *See Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997); 28 U.S.C. § 1447(c).

In response, FedEx Ground provided affidavits from three of its employees who asserted that they had personal

---

[2] The district court rejected this basis for federal jurisdiction and FedEx Ground does not raise it in its petition.

knowledge that 12 members of the plaintiff class were not citizens of Pennsylvania. The company argued in addition that *Brill* held only that the defendant bears the burden of showing that CAFA's threshold jurisdictional requirements are satisfied and did not address which party bears the burden of establishing that an exception to CAFA's minimal diversity jurisdiction applies. CAFA contains an entirely new set of rules that, in FedEx Ground's view, are ambiguous enough to require courts to resort to CAFA's legislative history for illumination. That history, it continues, shows that Congress wanted the plaintiff to bear the burden of proving that the "local" or "home-state" exception applies (or, put otherwise, that the default rule of § 1332 requiring complete diversity applies). In his reply, Hart noted that *Brill* rejected any reliance on CAFA's legislative history and again argued that FedEx Ground had not met its burden because it had not shown that less than two-thirds of the proposed plaintiff class (66 people or less, since § 1332(d)(5)(B) also makes CAFA inapplicable to classes with less than 100 members) were citizens of Pennsylvania.

The district court denied the motion to remand, holding that once FedEx Ground established that at least one plaintiff was not a citizen of Pennsylvania, it was Hart's burden to show that the home-state controversy exception was applicable. The district court relied on the wording of the statute, stating that § 1332(d)(4)(B) "deals not with whether the court has jurisdiction, but rather . . . whether the right circumstances exist to prevent the court from exercising jurisdiction." The court noted that § 1332(d)(8) supports this conclusion by allowing a party to argue that § 1332(d)(4)(B) precludes the exercise of jurisdiction even after a class has been certified. The court added that plaintiffs are not barred from making a future motion to remand based on § 1332(d)(4), when appropriate.

We accepted this appeal so that we could address the important question of which party has the burden of

establishing jurisdiction when the home-state and local controversy provisions of CAFA are implicated.

## II

### A

Before addressing the merits of the petition, we explain more fully our earlier holding that the 60-day time limit for resolving CAFA appeals begins to run at the time a petition is granted, not when it is initially filed. We join the Fifth, Ninth, and Eleventh Circuits in this conclusion. *Evans v. Walter Industries, Inc.,* 449 F.3d 1159, 1162-63 (11th Cir. 2006); *Patterson v. Dean Morris L.L.P.*, 444 F.3d 365, 368 (5th Cir. 2006); *Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit Serv., Inc.*, 435 F.3d 1140, 1144 (9th Cir. 2006); *see also Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 685-86 (9th Cir. 2005) (calculating 60-day deadline for decision on merits of § 1453(c)(1) appeal from date appeal was accepted).

Section 1453(c)(2), directs that "[i]f the court of appeals accepts an appeal under paragraph (1), the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed." The language of § 1453(c) is ambiguous as to whether an appeal exists when a party files an application to appeal, or whether it exists only after the appellate court accepts the appeal. We agree with our sister circuits that Congress intended that an appeal would exist only after the appellate court accepts the appeal. *Evans,* 449 F.3d at 1162-63; *Patterson*, 444 F.3d at 368-69; *Amalgamated Transit Union*, 435 F.3d at 1144. Congress chose to require the filing of an "application" with the court of appeals, rather than filing a "notice of appeal" in the district court. By requiring a party to file an application, Congress copied the procedures for taking an appeal pursuant to 28 U.S.C. § 1292(b). *See id.* Appeals filed

pursuant to § 1292(b) are governed by Federal Rule of Appellate Procedure 5, which requires a party to file a petition for permission to appeal; the appellate court then either grants the petition, accepting the appeal for filing, or denies the petition. We hold that Rule 5 governs the initiation of appeals under § 1453(c) and thus an appeal does not exist unless and until the appellate court grants the petition. *See Patterson*, 444 F.3d at 369 (where a party seeks permission to appeal, "there is logically no appeal until the court vested with the authority to grant or deny leave has done so."). Once the court grants the petition for permission to appeal pursuant to § 1453(c), it must render judgment on the appeal within 60 days.

B

We turn now to the question of which party has the burden of establishing federal jurisdiction when the home-state or local controversy exceptions to CAFA are at issue. As we noted earlier, CAFA amended the diversity jurisdiction statute, 28 U.S.C. § 1332, by adding provisions that give federal courts original jurisdiction in class actions where: (1) the aggregate amount in controversy exceeds $5,000,000; (2) any member of the plaintiff class is a citizen of a state different from any defendant ("minimal diversity"); (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more. See 28 U.S.C. §§ 1332(d)(2), (d)(5). The statute goes on to say that a district court "shall decline to exercise jurisdiction" if one of two exceptions to minimal diversity exists. Under the "home-state controversy" exception, district courts must decline to exercise jurisdiction where two-thirds or more of the members of the proposed plaintiff class and the primary defendants are citizens of the original filing

state. 28 U.S.C. § 1332(d)(4)(B). Under the "local contro-versy" exception, district courts must decline jurisdiction where four circumstances are met: (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the proposed plaintiff class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the original filing state; (3) the principal injuries were incurred in the original filing state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case. 28 U.S.C. § 1332(d)(4)(A).

In general, of course, the party invoking federal juris-diction bears the burden of demonstrating its existence, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998); *American Bankers Life Assur. Co. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 373-74 (7th Cir. 1993). Federal courts are courts of limited jurisdiction: "It is to be pre-sumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal quotations omitted).

Recently, the Fifth and Eleventh Circuits decided, consistently with the district court's ruling and FedEx Ground's position, that once the removing defendants prove the amount in controversy and the existence of minimal diversity, the burden shifts to the plaintiffs to prove that the local controversy exception to federal jurisdiction should apply. See *Frazier v. Pioneer Americas LLC*, No. 06-30434, 2006 WL 1843629 (5th Cir. July 6, 2006); *Evans,* 449 F.3d at 1165. The Eleventh Circuit offered three reasons for this result: first, it thought that the Supreme Court's decision in

*Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), recognizing that the opponent of removal under 28 U.S.C. § 1441(a) must prove that there is an express exception to removability, supported the same outcome here; second, at least for cases involving the citizenship of members of the plaintiff class, it predicted that the plaintiff was best positioned to collect the relevant evidence; and third, it drew an analogy to cases addressing the removal of actions involving the Federal Deposit Insurance Corporation (FDIC), in which the opponent of removal must prove the "state action" exception to federal jurisdiction. See *Evans,* 449 F.3d at 1164-65. The Fifth Circuit agreed with these reasons. *Frazier*, 2006 WL 1843629 at *2.

Although we are not persuaded that second and third reasons that the Eleventh and Fifth Circuits gave provide much support for their conclusion, we nonetheless agree with the result they reached. The Eleventh Circuit began its discussion of the "local controversy" exception by quoting § 1332(d)(4)(A), but then it moved directly to a discussion of CAFA's legislative history, to the analogy to § 1441(a) and FDIC cases, and to its observation about relative ability of each party to gather the relevant evidence. In so doing, we think that it missed an important step, namely, the examination of the language of the statute before it. That language, coupled with the Supreme Court's *Breuer* decision, leads to the conclusion that the party seeking to take advantage of the home-state or local exception to CAFA jurisdiction has the burden of showing that it applies.

We begin with the basic statutory provisions, which we quoted earlier, that confer jurisdiction in the class actions covered by CAFA. As is typical with jurisdictional statutes, § 1332(d)(2) begins with the phrase "[t]he district courts shall have original jurisdiction" and goes on to define the governing criteria. Compare 28 U.S.C. §§ 1331 (federal question jurisdiction), 1332(a) (ordinary diversity and alienage jurisdiction), 1333 (admiralty, maritime and prize

case jurisdiction), 1334 (bankruptcy jurisdiction), and 1335 (interpleader). The next subsection, § 1332(d)(3), describes situations in which the district court is permitted to "decline to exercise jurisdiction" "in the interests of justice and looking at the totality of the circumstances." Subsection (d)(4), which follows immediately, stands out for its contrasting wording. It commands the district courts to decline jurisdiction under paragraph 2 when either the "local" or the "home state" factors are present. Subsection (d)(5) also contains mandatory language making CAFA inapplicable to class actions in which the primary defendants are states, state officials, or other governmental entities against whom the district court may be foreclosed from granting relief and class actions involving less than 100 members. § 1332(d)(5).

Although the match is not perfect, the relation between subparts (d)(2) and (d)(4) of CAFA is analogous to the structure of 28 U.S.C. § 1441(a), which the Supreme Court examined in *Breuer*. The general removal statute begins with the phrase "[e]xcept as otherwise expressly provided by Act of Congress," and then goes on to delineate a defendant's right to remove from state court to federal court those cases over which the federal courts have original jurisdiction. The Court stated there that "[s]ince 1948 . . . there has been no question that whenever the subject matter of an action qualifies it for removal, the burden is on a plaintiff to find an express exception." 538 U.S. at 698.

CAFA expressly states that the district court "shall decline to exercise jurisdiction" in two particular situations. It is reasonable to understand these as two "express exceptions" to CAFA's normal jurisdictional rule, as the Supreme Court used that term in *Breuer*. The case might be different if Congress had put the home-state and local controversy rules directly into the jurisdictional section of the statute, § 1332(d)(2), but it did not. We acknowledge that the language of § 1332(d)(4) is mandatory, in contrast with the permissive language of § 1332(d)(3), but that alone proves

little. Nothing indicates that the kinds of exceptions to which the Supreme Court referred in *Breuer* were permissive only.

We could stop here, but for the sake of completeness it is also worth noting that this outcome is consistent with the legislative history of CAFA. The Senate Judiciary Committee unambiguously signaled where it believed the burden should lie. The Committee report said "[o]verall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." S. Rep. 14, 109th Cong. 1st Sess. 43 (2005). The report goes on to state,

> [I]t is the intent of the Committee that the named plaintiff(s) should bear the burden of demonstrating that a case should be remanded to state court (e.g., the burden of demonstrating that more than two-thirds of the proposed class members are citizens of the forum state). Allocating the burden in this manner is important to ensure that the named plaintiffs will not be able to evade federal jurisdiction with vague class definitions or other efforts to obscure the citizenship of class members. The law is clear that, once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot 'oust' the federal court of jurisdiction. While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proposed class in particular ways, they lose that power once a defendant has properly removed a class action to federal court.

*Id.*

Our holding that the plaintiff has the burden of persuasion on the question whether the home-state or local controversy exceptions apply is also consistent with the

stated purposes of the statute. Congress made the following findings when it enacted CAFA:

> (4) Abuses in class actions undermine the national judicial system, the free flow of interstate commerce, and the concept of diversity jurisdiction as intended by the framers of the United States Constitution, in that State and local courts are—
>
> > (A) keeping cases of national importance out of Federal court;
> >
> > (B) sometimes acting in ways that demonstrate bias against out-of-State defendants; and
> >
> > (C) making judgments that impose their view of the law on other States and bind the rights of the residents of those States.

Pub.L. 109-2, § 2, Feb. 18, 2005, 119 Stat. 4. These exceptions are designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state.

C

The district court left open the possibility that the plaintiffs here might file another motion to remand under § 1332(d) (which imposes no time limit on such a motion), once the case has been developed further. We therefore comment briefly on what information or evidence is sufficient to meet their burden. When a party seeks removal, it "must present *evidence* of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt." *In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997) (emphasis in original). For example, if the plaintiff states in its complaint that it seeks a particular amount in damages, the defendant must chal-

lenge that amount and "support its assertion with 'competent proof.'" *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). We explained in *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006), that this means that the proponent of jurisdiction bears the risk of nonpersuasion on the contested factual assertions that are pertinent to the jurisdictional issue. *Id.* at 540. The examples we gave of such assertions included "where each party resides plus any plans for change of residence, in order to establish domicile, or what state issued a corporation's charter." *Id.* These kinds of questions are pertinent for both a defendant removing under CAFA and a plaintiff seeking to establish either the home-state or local controversy exception. Hart and the plaintiffs have the right, through appropriate discovery, to explore the facts relevant to the court's jurisdiction as the case progresses.

## III

For these reasons, we AFFIRM the district court's remand order.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*