NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 20, 2008[*]
Decided February 25, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

Nos. 07-2204 & 07-3891

| | |
|---|---|
| RAVANNA SANDERS-BEY, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division |
|     *v.* | |
| | No. 07 C 538 |
| UNITED STATES of AMERICA, et. al, | |
|     *Defendants-Appellees*. | Wayne R. Andersen, |
| | *Judge*. |

## O R D E R

Ravanna Sanders-Bey sued the Office of the Comptroller of the Currency, TCF National Bank, and several employees of TCF National Bank for allegedly embezzling money from his trust account. The district court dismissed for lack of subject-matter jurisdiction, and Sanders-Bey appeals. We affirm.

---

[*]The appellees notified this court that they were never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

Sanders-Bey alleges that in May 2004 employees of TCF National Bank appropriated approximately $385,000 from his bank account. One month after this alleged conversion, Sanders-Bey filed a complaint with the Office of the Comptroller of Currency. The OCC sent Sanders-Bey a letter stating that the agency would review the claim, but it is unclear from the record what, if any, action was taken following this letter.

Then began Sanders-Bey's attempt to right this asserted wrong. First, he filed suit in the United States Court of Federal Claims, but it was dismissed for lack of jurisdiction. *Sanders v. United States*, No. 04-1678L (Ct. Cl. Nov. 17, 2004). He then appealed that dismissal to the United States Court of Appeals for the Federal Circuit, which affirmed the dismissal for want of jurisdiction. *Sanders v. United States*, No. 05-5028, 132 Fed App'x 378 (Fed. Cir. May 18, 2005). Not satisfied, Sanders-Bey petitioned the Supreme Court of the United States for a writ of mandamus, but this too was denied. *In re Sanders-Bey*, No. 06-6880, 127 S. Ct. 824 (Nov. 27, 2006). Finally, Sanders-Bey filed suit in the district court. He alleged that TCF employees violated their fiduciary duties when, "through negligence and concealment," funds were taken from his account. He further alleged that the OCC breached its duty by failing to offer assistance with his complaint.

The district court held that it lacked subject-matter jurisdiction over Sanders-Bey's claims because he did not raise a non-frivolous federal question and because Sanders-Bey did not plead the "requisite allegations of citizenship." *See* 28 U.S.C. § 1915(e)(2). We review the district court's dismissal for lack of subject-matter jurisdiction de novo. *See Alexander v. Mt. Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007).

On appeal Sanders-Bey argues that both federal-question and diversity jurisdiction exist here. We have repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). Though Sanders-Bey's complaint and appellate brief contain an abundance of jurisdictional verbiage, he has failed to meet his burden of demonstrating a non-frivolous federal question or complete diversity of citizenship.

Federal courts may exercise federal-question jurisdiction when a plaintiff's right to relief is created by or depends on a federal statute or constitutional provision. *See Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003). However, if the claim asserted is frivolous, it is insufficient to establish jurisdiction. *See In re African-Am. Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006). Although Sanders-Bey's complaint cites numerous federal statutes and constitutional provisions, none of them entitles him to the relief he seeks. Many of the statutes are wholly inapplicable to the harm Sanders-Bey claims to have suffered (alleged conversion of bank funds); instead, Sanders-Bey appears to simply reference a panoply of random federal laws. But as the district court correctly noted, Sanders-Bey's allegations amount only to wrongful conversion, which is a state-law claim. Therefore Sanders-Bey has failed to establish federal-question jurisdiction.

Sanders-Bey also argues that diversity jurisdiction entitles the district court to hear his claim.  Sanders-Bey, however, failed to allege the complete diversity of citizenship of the parties.  *See* 7th CIR. R. 28, *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).  In his complaint he alleges that he is an "Indigenous American National" of the "Washitaw Nation of Muurs," which he claims is an entity entitled to international status but located entirely within the borders of the United States.  The Washitaw Nation, however, is not recognized by the United States government, and Sanders-Bey tells us nothing more about his citizenship.  Additionally, Sanders-Bey does not mention the citizenship of the individual TCF employees and incorrectly states that TCF National Bank is incorporated in Illinois.  Therefore, the district court correctly dismissed his claim for want of subject-matter jurisdiction.  *See Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996) (holding that failure to include allegations of citizenship requires dismissal of complaint based on diversity jurisdiction).

AFFIRMED.