*795 BROWN, Circuit Judge,
concurring in the judgment:
After 182 pages of briefing by 39 attorneys who have strained to squeeze this case into their preferred courtroom, I still — even after reading the majority opinion — haven’t heard a decent argument for federal subject-matter jurisdiction. All parties in this litigation teamed up to manufacture jurisdiction, but, needless to say, parties cannot create subject-matter jurisdiction, see Kline v. Burke Constr. Co., 260 U.S. 226, 233-34, 43 S.Ct. 79, 67 L.Ed. 226 (1922). Neither can judges, for doing so misappropriates Congress’s jurisdiction-conferring role, id., and invalidly scoops cases out of state court. And these principles are especially important in a case where Congress amended the supposedly jurisdictional statute to make clear Fannie Mae may only sue or be sued in courts that have “competent jurisdiction”- — that is, subject-matter jurisdiction. The majority’s misreading of Supreme Court precedent and disregard for statutory text lead it to erroneously conclude we have jurisdiction.
I
Fannie Mae’s sue-and-be-sued clause does not, as the majority contends, create “automatic” federal subject-matter jurisdiction, see maj. op. at 786, 787-88. Most of the majority’s mistakes flow from its misinterpretation of American National Red Cross v. S. G., 505 U.S. 247, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992).
A
In Red Cross, the Court declared “a congressional charter’s ‘sue and be sued’ provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts.” 505 U.S. at 255, 112 S.Ct. 2465 (emphasis added). Based on this language, the majority concludes Fannie Mae’s sue-and-be-sued clause creates jurisdiction simply because it mentions the federal courts. I would apply this silly test if Red Cross actually created it. But Red Cross did no such thing. Rather, Red Cross stands for the unremarkable rule that mentioning federal courts is necessary, but not always sufficient, to confer jurisdiction. Three key rationales support this commonsense interpretation.
First, the majority’s reading of Red Cross is implausible. Consider this hypothetical statutory provision: “Fannie Mae may sue and be sued in federal court only if another statute independently confers subject-matter jurisdiction.” Under the majority’s test, this hypothetical provision would create “automatic federal jurisdiction” simply because it mentions federal courts — even though the text evinces a contrary meaning. But that cannot be; a mere mention of federal courts cannot justify disregarding statutory barriers to federal jurisdiction. In short, the phrase “federal courts” isn’t a talisman.
Second, the majority’s (misinterpretation of Red Cross is belied by Red Cross itself. After all, if a mere textual mention of federal courts was sufficient, then the Red Cross Court wasted many pages articulating other rationales and examining the jurisprudential backdrop against which Congress enacted the Red Cross charter. Certainly a brief discussion would have sufficed to create the talismanic “I see the phrase ‘federal courts’ so it must be jurisdictional” test. Instead, Red Cross substantially relied on the timing of an amendment to Red Cross’s charter by applying the canon that Congress is “presumed to intend [the] judicially settled meaning of terms.” Red Cross, 505 U.S. at 252, 257, 112 S.Ct. 2465; see K.V. Mart Co. v. United Food & Commercial Workers Int’l Union, Local 324, 173 F.3d 1221, 1224-25 (9th Cir.1999) (per curiam) (Red Cross is “premised” on this canon). Red *796 Cross also discussed numerous sources of legislative history. 505 U.S. at 261-62, 112 S.Ct. 2465. But the majority’s interpretation would render these portions of Red Cross “entirely meaningless,”[1] and “I am reluctant to reach that conclusion about Supreme Court decisions.” Agri Processor Co., Inc. v. NLRB, 514 F.3d 1, 12-13 (D.C.Cir.2008) (Kavanaugh, J., dissenting).
Third, Red Cross’s use of the word “may” is significant. Red Cross announced that a sue-and-be-sued clause mentioning federal courts “may be read to confer federal court jurisdiction.” Id. at 255, 112 S.Ct. 2465 (emphasis added). Importantly, the word “may” is generally “employed to imply permissive, optional or discretional, and not mandatory action.” BlaCK’s Law Diotionaby 979 (deluxe 6th ed.1990); see, e.g., United States v. Lexington Mill & Elevator Co., 232 U.S. 399, 411, 34 S.Ct. 337, 58 L.Ed. 658 (1914). Thus, when a sue-and-be-sued clause mentions federal courts, a court is permitted to interpret the clause as conferring jurisdiction, and it should do so only when the statutory text and amendment history support such a reading. Red Cross did not command federal courts to shirk their responsibility to examine “the ordinary sense of the language used [and] basic canons of statutory construction,” 505 U.S. at 263, 112 S.Ct. 2465, in reaching an ultimate conclusion about the clause’s meaning.[2]
In sum, under Red Cross, a sue-and-be-sued clause mentioning federal courts may (or may not) be jurisdictional — because mentioning federal courts is necessary (but not always sufficient) to confer jurisdiction. And even if Red Cross flirted with a magic-words test by emphasizing “federal courts” and ignoring other aspects of the Red Cross charter’s text, the Court could not have intended to apply this test where Congress specifically amended the charter to add a jurisdictional limitation, as Congress did here.
B
Interpreting Fannie Mae’s sue-and-be-sued clause according to “the ordinary sense of the language used [and] basic canons of statutory construction,” Red Cross, 505 U.S. at 263, 112 S.Ct. 2465, demonstrates the clause does not create subject-matter jurisdiction. According to the majority, a charter provision authorizing Fannie Mae to sue and be sued “in any court of competent jurisdiction ” is a declaration that all federal district courts have competent jurisdiction. See 12 U.S.C. § 1723a (emphasis added); Maj. Op. at 784-88. Because “competent jurisdiction” — a phrase not present in the Red Cross’s charter — refers to subject-matter jurisdiction, Fannie Mae may only sue or be sued “in any court” that has an inde *797 pendent source of subject-matter jurisdiction.
In 1954 Congress amended Fannie Mae’s charter by inserting the words “[in any court of] competent jurisdiction.” Compare Pub.L. No. 73-479, § 301(c)(3), 48 Stat. 1246, 1253 (1934) (authorizing Fannie Mae “[t]o sue and be sued, complain and defend, in any court of law or equity, State or Federal” (emphasis added)), with Pub.L. No. 83-560, § 201, 68 Stat. 590, 620 (1954) (authorizing Fannie Mae “to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal” (emphasis added)). Red Cross explained that such “a change in language [should] be read, if possible, to have some effect.” 505 U.S. at 263, 112 S.Ct. 2465; see also Fund for Animals, Inc. v. Kempthorne, 472 F.3d 872, 877 (D.C.Cir.2006) (“[C]ourts presume that Congress has used its scarce legislative time to enact statutes that have some legal consequence.”).
Our task is to determine what Congress accomplished by adding the phrase “[court of] competent jurisdiction.” As the Supreme Court has repeatedly emphasized, the phrase “competent jurisdiction” almost always refers to subject-matter jurisdiction. See, e.g., Wachovia Bank, Nat’l Ass’n v. Schmidt, 546 U.S. 303, 316, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006); United States v. Morton, 467 U.S. 822, 828, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984); Califano v. Sanders, 430 U.S. 99, 106 n. 6, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (suggesting a statute required “an independent jurisdictional foundation” largely because it limited judicial review to “ ‘a court of competent jurisdiction,’ ” which “seem[ed] to look to outside sources of jurisdictional authority”); cf. Kontrick v. Ryan, 540 U.S. 443, 454, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). Just two years ago, the Court unambiguously declared: “Subject-matter jurisdiction ... concerns a court’s competence to adjudicate a particular category of cases.” Wachovia Bank, 546 U.S. at 316, 126 S.Ct. 941 (emphasis added); see Kontrick, 540 U.S. at 454, 124 S.Ct. 906 (treating “what cases ... courts are competent to adjudicate” as an issue of subject-matter jurisdiction). “Competent jurisdiction” rarely refers to personal jurisdiction. Indeed, “[a]s far back as Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878), [courts] drew a clear distinction between a court’s ‘competence’ and its jurisdiction over the parties.” Morton, 467 U.S. at 828 n. 6, 104 S.Ct. 2769. Leading commentators likewise treat a court’s “competence” to hear a case as an issue of subject-matter jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Prooedure: Jurisdiction § 3522 (2d ed.1984). So does Black’s Law Dictionary. Blaox’s Law Dictionary 355, 426 (rev. 4th ed.1968) (defining “court of competent jurisdiction” as one “having power and authority of law ... to do the particular act,” and explaining the term “competent authority,” “[a]s applied to courts,” means “legal authority to deal with the particular matter in question”); id. 379, 459 (3d ed.1933) (same).
The majority contends the Supreme Court overruled this well-settled meaning of “competent jurisdiction” in one vague half-sentence in Breuer v. Jim’s Concrete of Brevard, Inc., 538 U.S. 691, 123 S.Ct. 1882, 155 L.Ed.2d 923 (2003). See Maj. Op. at 786. But “[c]ourts do not normally overturn a long line of earlier cases without mentioning the matter,” John R. Sand & Gravel Co. v. United States, — U.S. -, 128 S.Ct. 750, 756, 169 L.Ed.2d 591 (2008), and they especially do not do so in equivocal half-sentences. Perhaps this is why the parties — who have not exactly been shy about making jurisdictional arguments that stretch the bounds of credulity — refused to place much reliance on *798 Breuer, even when specifically prompted to do so at oral argument.[3]
Flailing to find some meaning for the statute’s “competent jurisdiction” limitation, the majority claims Congress inserted this phrase to “clarify that ... litigants in state courts of limited jurisdiction must satisfy the appropriate jurisdictional requirements.” See Maj. Op. at 785. I disagree. For if authorization “to sue and be sued ... in any court of competent jurisdiction, State or Federal,” clarifies that there must be a separate source of state jurisdiction, why does it not also clarify that there must be an independent source of federal jurisdiction? See 12 U.S.C. § 1723a(a). Surely “competent jurisdiction” modifies both “State” and “Federal” in Fannie Mae’s charter. See id. In addition, the majority’s citation of the statute construed in Osborn v. Bank of the United States is ironic, because the “competent jurisdiction” phrase in that statute only referred to state courts (but not federal courts). See 22 U.S. (9 Wheat.) 738, 817, 6 L.Ed. 204 (1824) (authorizing suit “in all state courts having competent jurisdiction, and in any circuit court of the United States”). If, as the majority asserts, Congress added “competent jurisdiction” to Fannie Mae’s charter to clarify that an independent jurisdictional grant is required in state (but nbt federal) courts, one would expect the verbal formulation to look something like the statute in Osborn. It does not.
In another effort to give “competent jurisdiction” some meaning, appellees imply the phrase might refer to personal jurisdiction. Although this interpretation is contrary to the phrase’s ordinary meaning, Morton, 467 U.S. at 828 n. 6, 104 S.Ct. 2769, the majority embraces this interpretation, see maj. op. at 785. However, ap-pellees’ half-hearted argument is quite telling, because the furthest they will go is to argue personal jurisdiction occasionally represents one “component of a court’s ‘competent jurisdiction.’ ” Rule 28(j) Letter, Apr. 21, 2008 (emphasis added); cf. Blackmar v. Guerre, 342 U.S. 512, 513-16, 72 S.Ct. 410, 96 L.Ed. 534 (1952) (interpreting “competent jurisdiction” to require personal jurisdiction, but giving no indication that an independent source of subject-matter jurisdiction was not also required). There are two types of jurisdiction: personal jurisdiction and subject-matter jurisdiction. Cf. Kontrick, 540 U.S. at 455, 124 S.Ct. 906; 1 Robert C. Casad & William M. RlCHMAN, JURISDICTION IN ClVIL ACTIONS § 1-1 (3d ed.2004). If, as appellees argue, personal jurisdiction is one of the components of a court’s “competent jurisdiction,” then the other component must be subject-matter jurisdiction. Thus, appellees’ best argument is that the sue-and-be-sued clause requires personal jurisdiction and an independent source of subject-matter jurisdiction. If that is the case, the sue- and-be-sued clause does not create subject-matter jurisdiction.
The majority also suggests the words “competent jurisdiction” “clarify that ... litigants relying on the ‘sue-and-be-sued’ provision can sue in federal district courts but not necessarily in all federal courts.” Maj. Op. at 785. But the authority cited by the majority directly undercuts this proposition. The majority cites the Supreme Court’s conclusion that Red Cross’s authorization to sue and be sued in federal court only includes district courts — not all *799 federal courts. See Maj. Op. at 785 (citing Red Cross, 505 U.S. at 256 n. 8, 112 S.Ct. 2465; id. at 267, 112 S.Ct. 2465 (Scalia, J., dissenting)). But if that is the case, Congress would have no need to clarify this point by adding the “competent jurisdiction” language.
At bottom, the majority provides no convincing reason to give the statute’s words anything other than their ordinary meaning. Because “competent jurisdiction” refers to subject-matter jurisdiction, Fannie Mae’s sue-and-be-sued clause is functionally equivalent to the hypothetical statute described at the beginning of this opinion: Fannie Mae may sue and be sued “in any court of competent jurisdiction,” meaning it may only sue in a court with an independent basis of jurisdiction. Yet the majority presses its counter-textual conclusion that this clause creates jurisdiction. I disagree, and the additional interpretive principles to which I now turn support my textual analysis.
Red Cross relied on the canon that Congress is “presumed to intend [the] judicially settled meaning of terms,” 505 U.S. at 252, 112 S.Ct. 2465, but that canon undercuts the majority’s position here. In 1942, the Court held the FDIC’s charter was jurisdictional. See id. at 254, 112 S.Ct. 2465. Just five years later, in 1947, Congress amended the Red Cross’s charter, making its language “in all relevant respects identical” to the FDIC’s charter. Id. at 257, 112 S.Ct. 2465. The Red Cross Court found this significant, explaining “Congress may well have relied on [the Court’s 1942 holding] to infer” that amending the Red Cross’s charter in this way would make it jurisdictional. Id. at 260, 112 S.Ct. 2465; see id. at 263, 112 S.Ct. 2465; K.V. Mart, 173 F.3d at 1224-25 (Red Cross is “premised” on this principle). But Red Cross’s rationale cuts exactly the opposite way here. Fannie Mae’s charter had contained text virtually identical to that already deemed jurisdictional by the Court, but then Congress decided to add a phrase that functions as a jurisdictional restriction. Thus, unlike Red Cross, where the amendment “tug[ged] hard toward a jurisdictional reading,” id. at 263, 112 S.Ct. 2465, here Congress inserted a phrase that militates against such a reading.
In addition, Congress placed the “competent jurisdiction” limitation in Fannie Mae’s sue-and-be-sued clause — but not Freddie Mac’s clause, which is almost the same in every other respect. Compare 12 U.S.C. § 1723a(a) (authorizing Fannie Mae “to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal” (emphasis added)), with 12 U.S.C. § 1452(c) (authorizing Freddie Mac “to sue and be sued, complain and defend, in any State, Federal, or other court”). We should be reluctant to disregard this important difference in language — especially when the two provisions containing the disparate language appear in the same title of the U.S. Code and involve such interrelated organizations as Fannie Mae and Freddie Mac. See, e.g., Branch v. Smith, 538 U.S. 254, 281, 123 S.Ct. 1429, 155 L.Ed.2d 407 (2003) (plurality)’ (noting “it is, of course, the most rudimentary rule of statutory construction ... that courts do not interpret statutes in isolation, but in the context of the corpus juris of which they are a part”).
In sum, each interpretive tool utilized by the Red Cross Court — statutory text, the amendment timeline of the charter juxtaposed against relevant Supreme Court decisions, interpretive canons, and other statutory provisions — demonstrates Fannie Mae’s sue-and-be-sued clause does not create jurisdiction.
C
At first blush, it might seem reasonable for subject-matter jurisdiction to exist in *800 all cases where a federally chartered entity such as Fannie Mae is a party. However, a federal court cannot declare it has power (jurisdiction) over a case simply by declaring it would be good policy for it to have that power. See Pub. Citizen v. Nat’l Highway Trafic Safety Admin., 489 F.3d 1279, 1287-88 (D.C.Cir.2007) (“[Tjhis court simply is not at liberty to displace, or to improve upon, the jurisdictional choices of Congress,” and “[discretionary considerations of ‘fairness or efficiency’ do not authorize us ... to disregard plain statutory terms assigning a different court initial subject-matter jurisdiction over a suit.”). I cannot employ such a self-aggrandizing approach, because it is not courts’ job to make policy — much less when that policy inflates the judicial role at the expense of Congress and the states. See Kline, 260 U.S. at 234, 43 S.Ct. 79 (holding the lower federal courts “derive[ ] [their] jurisdiction wholly from the authority of Congress”); WRIGHT, Miller, & CoopeR, supra, § 3522 (“[I]f the federal courts ... entertain cases not within théir jurisdiction,” an “unconstitutional invasion of the powers reserved to the states” occurs.) Yet today the majority gives Fannie Mae an “automatic” ticket out of state court anytime it is sued— something only Congress can do.
Moreover, if policy choices are relevant to this inquiry, they at least need to comport with those of Congress. Two points are relevant here. First, Congress statutorily rejected the notion that federal courts should always have subject-matter jurisdiction in cases where a federally chartered entity is a party. While “involvement of a federally chartered corporation” used to be sufficient to create federal subject-matter jurisdiction, Red Cross, 505 U.S. at 251, 112 S.Ct. 2465, Congress in 1925 “diminishfed] the flood of federal litigation” resulting from this policy, Gov’t Nat’l Mortgage Ass’n v. Terry, 608 F.2d 614, 621 n. 10 (5th Cir.1979), by limiting “the [policy’s] reach ... to federally chartered corporations in which the United States owned more than one-half of the capital stock,” Red Cross, 505 U.S. at 251, 112 S.Ct. 2465. This statutory limitation remains today. See 28 U.S.C. § 1349. Second, we do not know why Congress placed the “competent jurisdiction” limitation in Fannie Mae’s charter, but not in Freddie Mac’s. Congress treated these similar entities differently in this respect. But, needless to say, it is not our role to upset that judgment. Moreover, if the disparate statutory language resulted from a legislative oversight, it is “beyond our province to rescue Congress from its drafting errors, and to provide for what we might think ... is the preferred result.” Lamie v. U.S. Trustee, 540 U.S. 526, 542, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).
II
For the majority to be correct about the meaning of the sue-and-be-sued clause, one of the following three propositions must be true. First: The Supreme Court held that merely mentioning the phrase “federal courts” always creates jurisdiction, even where the rest of the clause plainly indicates it does not create jurisdiction. Second: Congress’s amendment of Fannie Mae’s charter to specifically insert the phrase “[in any court of] competent jurisdiction” is meaningless. Or third: The phrase “in any court of competent jurisdiction” has a meaning completely at odds with Supreme Court precedent (even though there is no convincing evidence to support such an interpretation). Because none of these is even plausible, I would hold we lack subject-matter jurisdiction.

. In the critical section of its opinion, the Court relied on the amendment to the Red Cross charter and the “judicially settled meaning” canon. See 505 U.S. at 252, 257, 112 S.Ct. 2465. And although the Court discussed legislative history in the context of rejecting a party’s arguments, it extensively analyzed the legislative materials rather than declaring such materials irrelevant in light of some newly announced magic-words test. See id. at 261-62, 112 S.Ct. 2465.

. Although the Red Cross Court used the phrase “necessary and sufficient,” it did so when explaining that previous cases had notified Congress about language sufficient to create jurisdiction. See 505 U.S. at 252, 112 S.Ct. 2465. Just because those cases are examples of sufficient jurisdictional language, however, does not mean any reference to federal courts always suffices even if statutory text indicates otherwise. Moreover, the majority's contention that mentioning federal courts always suffices runs counter to Red Cross’s holding that such a reference “may” suffice, see id. at 255, 112 S.Ct. 2465.

. The majority's selective quotations from Breuer do not accurately reflect the vagueness of the relevant passage, in which the Court first concluded the plaintiff could bring his claim in district court, then quoted a statute containing "competent jurisdiction'! language, and then remarked that "the district courts would in any event have original jurisdiction over FLSA claims under 28 U.S.C. § 1331 ... and § 1337(a).” 538 U.S. at 694, 123 S.Ct. 1882 (emphasis added).