[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2010
JOHN LEY
CLERK

No. 10-12077
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cv-22347-UU

MARCUS D. MIMS,

Plaintiff - Appellant,

versus

ARROW FINANCIAL SERVICES, LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 30, 2010)

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Marcus Mims appeals the district court's dismissal of his complaint against

Arrow Financial Services, LLC, for lack of subject matter jurisdiction. Mims'

complaint alleged that Arrow acted in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227. Mims acknowledges that this Court has held that federal courts lack subject matter jurisdiction over private actions under the Act. Mims, however, contends that we should reconsider our binding precedent in light of two Supreme Court decisions and a Seventh Circuit decision.

We held in Nicholson v. Hooters of Augusta, Inc. that "Congress granted state courts exclusive jurisdiction over private actions under the Act," and therefore "federal courts lack subject matter jurisdiction [over] private actions under the Act." 136 F.3d 1287, 1288–89 (11th Cir. 1998), modified, 140 F.3d 898 (11th Cir. 1998). We are bound by this precedent. See Smith v. GTE Corp., 236 F.3d 1292, 1303 (11th Cir. 2001).

Mims, in asking this Court to reconsider its precedent, points to Grable & Sons Metal Products, Inc. v. Darue Eng'g, 545 U.S. 308, 125 S. Ct. 2363 (2005), and Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 123 S. Ct. 1882 (2003). Neither of those cases considered the Act, and neither of them explicitly or implicitly overrules our precedent. See United States v. Kaley, 579 F.3d 1246, 1255 ("To constitute an overruling . . . the Supreme Court decision must be clearly on point.") (citations and quotations omitted). Additionally, the Seventh Circuit's decision in Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005),

2

does not overturn our precedent. <u>See</u> <u>Kaley</u>, 579 F.3d at 1255 ("We may disregard the holding of a prior opinion only where that holding is overruled by the Court sitting en banc or by the Supreme Court.") (citations and quotations omitted).

Accordingly, the district court properly dismissed Mims' complaint for lack of subject matter jurisdiction.

**AFFIRMED.**