NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0388n.06

No. 10-1325

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

APB ASSOCIATES, INC.,

      Plaintiff-Appellant,

v.

BRONCO'S SALOON, INC., BRONCO'S
ENTERTAINMENT, LTD., T&R ENTERPRISES,
INC., RIVER ENTERTAINMENT LLC, AND 31650
WEST EIGHT MILE, INC.,

      Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**

*Jun 07, 2011*

LEONARD GREEN, Clerk

On Appeal from the United States
District Court for the Eastern
District of Michigan

---

Before:      BOGGS and SILER, Circuit Judges; and VAN TATENHOVE, District Judge.[*]

      PER CURIAM. This is an appeal from the district court's dismissal for lack of subject matter jurisdiction. The Plaintiff-Appellant brought a claim in federal court under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(3), which provides for a private right of action in state court.

      The facts of this case are simple: APB brought this suit in federal court after allegedly receiving an unsolicited facsimile transmission from the Defendants advertising their business. No diversity of citizenship exists between the parties, but APB argued that the TCPA, a federal statute, was the basis for the court's jurisdiction. The district court dismissed the complaint, holding that

---

[*]The Honorable Gregory Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

No. 10-1325
APB Associates, Inc. v. Bronco's Saloon

the TCPA does not confer federal-question jurisdiction. 28 U.S.C. § 1331. The court noted that the vast majority of federal courts to address this question have held that the TCPA is not a sufficient basis for jurisdiction under § 1331.

Whether the district court had subject-matter jurisdiction is a question of law that we review de novo. *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 464 (6th Cir. 2011). The only issue presented in this case is whether a federal court has federal-question jurisdiction to hear an action arising under the TCPA. That question was squarely answered, after briefing was concluded, by another panel of this court in *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 463 (6th Cir. 2010) ("[T]he district court had federal-question jurisdiction over the claims under the Telephone Act and pendent jurisdiction over the rest of the claims."). It is well settled that a "panel of this [c]ourt cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this [c]ourt sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985). We therefore REVERSE and REMAND to the district court for further proceedings.