NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0771n.06

No. 10-1678

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 17, 2011*

LEONARD GREEN, Clerk

BRIDGING COMMUNITIES INCORPORATED, )
)
    Plaintiff-Appellant, )
)   ON APPEAL FROM THE
v. )   UNITED STATES DISTRICT
)   COURT FOR THE EASTERN
)   DISTRICT OF MICHIGAN
TOP FLITE FINANCIAL INCORPORATED, )
)
    Defendant-Appellee. )
)

BEFORE: NORRIS, SUTTON, and GRIFFIN, Circuit Judges.

PER CURIAM.

The sole question raised in this appeal is whether the district court erred in dismissing for lack of federal-question jurisdiction plaintiff Bridging Communities Incorporated's complaint alleging that defendant Top Flite Financial Incorporated violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(3), by sending unsolicited faxed advertisements to it without Bridging Communities' express invitation or permission.

At the time that the district court issued its dismissal order pursuant to Fed. R. Civ. P. 12(b)(1), it noted correctly that the existence of federal-question jurisdiction over private TCPA claims was an unsettled issue in the Sixth Circuit and that there was also disagreement among the other federal circuit courts of appeals as to how the TCPA should be interpreted. Relying upon this court's unpublished decision in *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.*, No. 04-3216,

2004 WL 3239533 (6th Cir. Dec. 16, 2004), and adopting the majority viewpoint of the circuit courts that the TCPA does not authorize a private cause of action in federal court, the district court granted Top Flite's motion to dismiss.

However, after the district court rendered its judgment and after Bridging Communities filed the present appeal, this court issued a decision definitively answering this question, and determined that federal courts do have federal-question jurisdiction over private TCPA actions. *See Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 463-65 (6th Cir. 2010).

As other panels of this court have since held with regard to identical claims, "[w]e are bound by *Echostar* unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Charvat v. NMP, LLC*, 656 F.3d 440, 445-46 (6th Cir. 2011) (citation and internal quotation marks omitted); *see also APB Associates, Inc. v. Bronco's Saloon, Inc.*, 425 F. App'x 499, 500 (6th Cir. 2011).[1]

We therefore reverse and remand to the district court for further proceedings.

---

[1]The Supreme Court has recently granted certiorari to consider the precise issue at hand in *Mims v. Arrow Fin. Servs., LLC*, 421 F. App'x 920, 921 (11th Cir. 2010), *cert. granted*, 131 S. Ct. 3063 (U.S. June 27, 2011) (No. 10-1195).