[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2012
JOHN LEY
CLERK

No. 10-12077
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-22347-UU

MARCUS D. MIMS,

Plaintiff - Appellant,

versus

ARROW FINANCIAL SERVICES, LLC,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 23, 2012)

**ON REMAND FROM THE SUPREME COURT OF
THE UNITED STATES**

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

In our prior decision, Mims v. Arrow Financial Services, LLC, 421 F. App'x 920 (11th Cir. 2010) (unpublished), we applied our binding precedent holding that Congress had granted state courts exclusive jurisdiction over private actions under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and that federal courts lack subject matter jurisdiction over those lawsuits. See Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1288–89 (11th Cir. 1998), abrogated by Mims v. Arrow Fin. Servs., LLC, 565 U.S. ___, 132 S.Ct. 740 (2012). Because we were bound by that precedent, we affirmed the district court's judgment dismissing for lack of subject matter jurisdiction Mims' complaint, which alleged that Arrow Financial Services, LLC violated the Telephone Consumer Protection Act. See Mims, 421 F. App'x at 921.

The Supreme Court reversed our judgment in the Mims case and remanded it to us. Mims, 132 S.Ct. at 753. In its Mims decision the Supreme Court held "that Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits," id. at 747, and that "federal law gives rise to the claim for relief Mims has stated and specifies the substantive rules of decision," id. at 753. In light of the Supreme Court's decision, the district court's judgment dismissing Mims' complaint for lack of subject matter jurisdiction is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.